ROSE MOREAU *vs.* SAMUEL MOREAU.

Hampden.    September 18, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Husband and Wife. Equity Jurisdiction*, Suit by wife to obtain her separate property fraudulently appropriated by her husband. *Savings Bank*, Joint account. *Equity Pleading and Practice*, Bill.

Allegations in a bill in equity by a married woman against her husband were that she had made deposits of her own funds in two savings banks, the first deposit being in her own name with the further notation, " Pay to " her husband, naming him, and the second deposit being in the name of herself and of her husband " and payable to either or the survivor of either "; that such deposits were made for the convenience of her husband if he survived her; that she retained the books until, by fraud, he procured possession of them; and that, having thus procured possession, he had withdrawn the funds and retained them in

his possession against her will. The prayer of the bill was for an accounting as to such funds. *Held*, that

(1) Such allegations, if proved, were ample to warrant a decree for equitable relief;

(2) It could not be inferred, in view of the recitals of the bill, that the plaintiff ever intended that the two deposits made by her should pass into her husband's control or become his property.

In the bill above described, there were further allegations that the defendant had opened an account in another savings bank in the name of himself, "subject to withdrawal in whole or in part by either or the survivor of either" himself or the plaintiff; that the funds therein were all deposited by the defendant but that he informed the plaintiff he would not withdraw the same without her consent, and gave her the bank book, which she retained until he fraudulently took it from her possession and withdrew the funds. The defendant demurred to the whole bill. In overruling the demurrer because grounds for equitable relief as to the first two deposits were set forth in the bill, *it was stated* that the court need not consider whether the demurrer could have been sustained had it related only to the allegations respecting the deposit made by the defendant in his own name.

BILL IN EQUITY, filed in the Superior Court on May 15, 1922, and afterwards amended, seeking an accounting as to certain savings bank deposits, property of the plaintiff, alleged wrongfully to have been withdrawn by the defendant, her husband.

The defendant demurred to the bill on the following grounds:

" 1. That the plaintiff has not stated in her said bill such a cause as entitles her to any relief in equity against this defendant.

" 2. That the plaintiff does not state facts sufficient to constitute a cause of action entitling her to any relief in equity against the defendant.

" 3. That, taking all the allegations of the plaintiff's said bill as established, there is a want of equity and no ground for a decree granting relief to the plaintiff."

The demurrer was heard by *Burns*, J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiff appealed.

*R. J. Talbot*, for the plaintiff, submitted a brief.

*D. Lavigne*, for the defendant.

CROSBY, J. This is a suit in equity whereby the plaintiff seeks to recover certain sums of money from her husband. The case is before us on an appeal from a final decree sustaining a demurrer to the amended bill.

The third and fourth paragraphs allege in substance that in the year 1899 the plaintiff opened an account and deposited funds in the Holyoke Savings Bank, and afterwards deposited other funds therein; that the money so deposited was her property; that the account was in the name of Rose Moreau with the further notation " Pay to Samuel Moreau "; that the notation or direction was placed on the account for the purpose of enabling the defendant to withdraw the same in the event that he survived the plaintiff; that the bank book remained in her possession and under her sole control until obtained by the defendant in the manner hereinafter described.

The bill further alleges in substance that on or about November 9, 1909, the plaintiff opened a savings account with her own funds in the Industrial Trust Company, located at Warren, Rhode Island, and that afterwards she made other deposits therein; that all such deposits were earned by her, having been saved from household allowances or accumulated by the taking of roomers or boarders; that this account was in the name of " Rose Moreau or Sam Moreau and payable to either or the survivor of either"; that the deposit was so made for the convenience of the plaintiff's husband in the event he survived her, and that for her protection the bank book was retained by her until taken by the defendant.

The bill further alleges in substance that on or about January 29, 1917, the defendant opened an account in the Springfield Institution for Savings in the name of " Samuel Moreau, subject to withdrawal in whole or in part by either or the survivor of either," Samuel or Rose Moreau; that the funds therein were all deposited by the defendant but that he informed the plaintiff he would not withdraw the same without her consent, and gave her the bank book, which was retained by her until taken by him as hereinafter described.

It is alleged that the bank books representing these deposits were at all times in the possession of the plaintiff and were secreted by her in her house until, during her absence, the defendant, " by fraud, and with the fraudulent intention of withdrawing said funds, and depriving her of her rights therein, secured possession of said bank books, during February and March of 1921, and withdrew said funds, bringing all of said funds to Springfield; that having obtained possession of said books and said funds, and as part of his plan in securing said funds, he abandoned her on the 12th of April, 1921, and has not since contributed to her support . . . and that such funds are now in the possession or under the control of the defendant."

It is settled in this Commonwealth that " There is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property." *Gahm* v. *Gahm*, 243 Mass. 374, 376, and cases cited. The allegations of fact in the bill, which are to be taken as true for the purposes of the demurrer, show that two of the deposits were the separate property of the plaintiff; that she retained possession of the bank books representing these deposits until they were fraudulently obtained by the defendant, and that they are in his possession or control and can be traced. These allegations, if proved, are ample to warrant a decree for equitable relief. It cannot be inferred, in view of the recitals of the bill, that the plaintiff ever intended that the two deposits made by her should pass into her husband's control or become his property. It follows that he could not lawfully withdraw them and convert them to his own use. *Woodard* v. *Woodard*, 216 Mass. 1. *Carpenter* v. *Carpenter*, 227 Mass. 288. *Daniels* v. *Daniels*, 240 Mass. 380.

The demurrer being to the entire bill, we need not consider whether it could have been sustained had it related only to the allegations respecting the deposit made by the defendant in his own name in the Springfield Institution for Savings.

The contention of the defendant that the case is governed by the decision in *Marble* v. *Treasurer and Receiver General*,

245 Mass. 504, is without merit. That case presented the question whether any part of certain savings bank deposits made by husband and wife, and subject to withdrawal by either, was liable, after his death, to a succession tax under G. L. c. 65, § 1. The questions there decided have no bearing upon the rights of the plaintiff in the case at bar.

The decree should be reversed and a decree entered overruling the demurrer.

*Ordered accordingly.*