ANGELINE BATTLES *vs.* THE MILLBURY SAVINGS BANK
& another.

Worcester.    September 23, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Gift.   Savings Bank,* Joint account.   *Evidence,* Presumptions and burden of proof.   *Statute of Wills.*

In an action against a savings bank for a deposit standing in names of a third person " or " the plaintiff, the executor of the will of the third person was allowed to intervene as claimant.   There was evidence at the trial tending to show that the plaintiff was very elderly, that the funds in the account had belonged entirely to and had been deposited by the third person, who was a daughter of the plaintiff's half sister; and, from conversations held between the parties, it might have been inferred that the gift was not to take effect until the death of the third person. The bank book remained in the possession of the third person.   The trial judge refused a request of the claimant that he rule that, if the gift was intended to take effect only in the event of the death of the third person before the plaintiff, the plaintiff could not recover because such gift would be testamentary in character.   There was a verdict for the plaintiff.   *Held,* that the ruling requested by the claimant should have been given.

At the trial above described, the judge charged the jury in substance that they were not concerned as to whether there had been a gift to take effect upon the death of the third person; that the plaintiff was entitled to recover unless there had been a fraud perpetrated by both her and the third person upon the Commonwealth, in which case a consideration of public policy might prevent recovery; that she could not be prevented from recovery simply because of something the third person had in mind or because of any mistaken purpose she might have had in her own mind; that, in order to prevent the plaintiff from recovering, both she and the third person " must be shown as parties to some scheme to do nothing else in this case except to circumvent and get around the statute of wills controlling the disposition of " the third person's property.   The claimant excepted to such instructions. *Held,* that

(1) The action ceased to be one between the plaintiff and the bank when the executor of the will of the third person was allowed to intervene as a claimant against the fund and to show by facts and attendant circumstances that there was not a present and perfected gift of a joint interest of the money when it was deposited in the bank or afterward;

(2) The charge was inapt and inappropriate to any issue before the jury and the exceptions thereto must be sustained;

(3) The case should have been submitted to the jury with appropriate instructions on the issue, whether there had been a present perfected gift or a gift to take effect after the death of the third person.

CONTRACT for the amount of a savings bank deposit with the defendant bank standing in the name of "Clara E. Sawyer or Angeline Battles." Writ dated January 23, 1922.

Marvin M. Taylor, executor of the will of Clara E. Sawyer, filed a petition to intervene as an adverse claimant, which was allowed, and was made a party defendant. The action was tried in the Superior Court before *Brown*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant Taylor asked for the following rulings:

" 1. Upon all the evidence the plaintiff, Battles, is not entitled to the fund in question in the Millbury Savings Bank.

" 2. Upon all the evidence the fund in question in the Millbury Savings Bank belongs to the estate of Clara E. Sawyer, of which the said Taylor is executor.

" 3. Upon all the evidence Clara E. Sawyer never made to the plaintiff, Angeline Battles, any gift *inter vivos* of the fund in question in the Millbury Savings Bank represented by the bank book of account No. 16420.

" 4. If Clara E. Sawyer intended to make a gift of the fund in question in the Millbury Savings Bank upon and in the event only of her death prior to the death of Angeline Battles, then as a matter of law, the gift, being testamentary in character, is in violation of the law of wills, and the plaintiff cannot recover the said sum.

" 5. If Clara E. Sawyer and Angeline Battles intended that the fund in question in the Millbury Savings Bank should be a gift to Angeline Battles dependent upon and in the event only of the death of Clara E. Sawyer prior to the death of Angeline Battles, then as a matter of law the gift, being testamentary in character, is in violation of the law of wills, and the plaintiff cannot recover the said sum."

The rulings were refused. The judge then charged the jury as follows:

" Now, you are not concerned in this case, and I am not going to instruct you whether there has been a gift to take effect upon the death of Mrs. Sawyer or not.    Because here an action has been brought against the bank not by the person claiming the fund whose name does not appear upon the books of the bank but by a person whose name does appear upon the books of the bank as to this deposit.    The moment that deposit was made, although Miss Battles did not contribute a cent to it, it was originally at the moment a deposit in the bank under their joint names, and those signature cards were signed by both of them, so they agreed to be bound by the by-laws of the institution for the deposit, and each had a right to use the entire fund or any part of it, and you are not concerned with the statute of wills except as I may instruct you.

" It is from then on merely a form of contract entered into by both of these people with this defendant bank by the terms of which the bank held it for either of them, and by reason of the operation of the principles of law applicable to that situation described and known as contingencies to pay the survivor or either of them the whole of that fund. That is, from then on that money belonged to both.    Either could draw the whole or any part, and upon the death of either whatever remained belonged to the survivor.

" That is the law of the case, and that stands, and upon the facts here Miss Battles is entitled to recover this money unless there has been fraud perpetrated by Miss Battles and Mrs. Sawyer.    I mean that a consideration of public policy might prevent the plaintiff from recovering in this case, that is if you have been satisfied by the plaintiff here that Mrs. Sawyer and Miss Battles committed a fraud upon the Commonwealth of Massachusetts for the purpose of evading the statute of wills, and entered into an arrangement whereby its rights should be defeated, in spite of a contract between them and the bank.

" In order to establish that it must clearly appear that both of them entered into a common purpose at the time this deposit was made for circumventing and cheating the statute.

" The reason I say that is this. That the State may collect from time to time what the statute might determine to be due as taxes on legacies contained in the will. It has the right to charge whatever it may deem wise and proper against legacies or successions. You all know means are manifold by which people of means seek to avoid imposition of those taxes by endeavoring to dispose of their property within their lifetime, and some of them successfully and some of them not according as the good faith of the acts or lack of it appears and according as they have complied with the well established principles of law in what they have done.

" But in general a man cannot give away his property in his lifetime in order not to have to pay taxes after his death and still retain possession of it during his lifetime.

" Here, Miss Battles is entitled to this money unless she and Mrs. Sawyer at the time this contract was made with the bank entered into a scheme to accomplish in effect the transfer of this money to Miss Battles upon the death of Mrs. Sawyer so as to avoid the statute of wills.

" Now, the mere expression by Miss Battles at the time that it would be her purpose and intention not to exercise the right which she had to the whole of that money or any part she chose to withdraw from the bank until Mrs. Sawyer might decease would not prevent this being a good contract between her and the bank or the bank being liable to her.

" It has been argued and you may use it with the other evidence in the case, first in determining this question which I put to you, whether or not both of those women entered into a scheme and arrangement, of which this was a tangible expression, to effect the transfer of that money only after Mrs. Sawyer's death and therefore to cheat the statute of wills and the Commonwealth out of any money that might be coming due it in the shape of taxes.

" They must establish their claim on the face of it. By mere examination of the book and signature Miss Battles is entitled to recover this fund. The mere purpose in the mind of Mrs. Sawyer in putting this money into the bank to get around the statute of wills would be of no consequence, because the fact she created a situation which from that

moment gave Miss Battles a right to demand of the bank the whole of that money.

" But it is claimed here under the state of facts that both she and Miss Battles were parties to this scheme and that Miss Battles should be prevented from collecting the money. She could not be prevented from collecting the money under a plain contract of this kind simply because of something Mrs. Sawyer had in her mind, neither could she by reason of any mistaken purpose she might have in her own mind. Obviously a person cannot be prevented from exercising a legal right because of the state of mind of some other person but may be prevented by the state of mind in themselves by certain acts.

" I say to you in this case in order to prevent the plaintiff from recovering both she and Mrs. Sawyer must be shown as parties to some scheme to do nothing else in this case except to circumvent and get around the statute of wills controlling the disposition of Mrs. Sawyer's property."

The defendant Taylor excepted to the refusal to grant his requests for rulings and also to the portions of the charge above quoted. The jury found for the plaintiff in the sum of $2,302.73. The defendant Taylor alleged exceptions.

*M. M. Taylor*, pro se.

*L. E. Stockwell*, for the plaintiff.

PIERCE, J. This is an action of contract to recover the amount of a deposit of $2,000, with accrued interest thereon, made in the defendant bank on the 11th day of October, 1920, in the name of Clara E. Sawyer or Angeline Battles. The defendant Marvin M. Taylor, executor of the will of Clara E. Sawyer, was duly made a party to the suit as an adverse claimant to the fund. The defendant Millbury Savings Bank is ready and willing to pay said fund to whomsoever the court shall decree it belongs.

The material and undisputed facts disclosed by the record are that the plaintiff, nearly eighty years old at the time of the trial in 1924, went to Millbury, Massachusetts, every summer to visit her half sister and the daughter of her half sister, Mrs. Sawyer; that they were very good friends; that Mrs. Sawyer died April 19, 1921, aged about sixty-five years;

that the plaintiff visited her half sister and Mrs. Sawyer in 1920 from June until October; that she intended to have gone home the week before she did but stayed over because Mrs. Sawyer wanted her to stay so that she (Mrs. Sawyer) could go to Worcester and see about depositing the money, and that she could not leave her mother alone; that Mrs. Sawyer went to Worcester one day and when she returned she had a conversation with the plaintiff and showed her a bank book; that the plaintiff did not take it in her hand but Mrs. Sawyer held it so that the plaintiff saw it and saw that the book was " made out to our names and two thousand dollars and date." A savings bank book No. 16420, issued by the Millbury Savings Bank, showing a deposit of $2,000 on October 11, 1920, in the name of " Clara E. Sawyer or Angeline Battles " was identified by the plaintiff as the savings bank book shown her by Mrs. Sawyer, and it was admitted in evidence. The record discloses that on Mrs. Sawyer's return she said to the plaintiff " she had been in and deposited some money on joint account of herself and . . . [Miss Battles] " ; that the plaintiff replied, " You will probably outlive me," and Mrs. Sawyer answered " I am not sure. . . . I don't know about that." In cross-examination the plaintiff, in reply to the question " Wasn't something said which caused you to say, ' You will probably outlive me? ' " answered: " When she deposited the money she said she made a joint account of it." She further testified that she made the remark " You will probably live longer than I," because she " knew . . . [Mrs. Sawyer] had deposited . . . [the money] in case she passed away before . . . [the plaintiff] did " ; that she understood it had been deposited in case Mrs. Sawyer passed away before she (the plaintiff) did. The witness testified, in answer to the question, " Didn't she say something to that effect? That was all I said and all she said." To the question, " Didn't she say something to the effect that she had deposited it so that you would have it if she passed away? " the plaintiff answered: " That was all. When she came in with the book she showed it to me and she said she had done that, that is what passed between us." To the question, " Didn't she say something to the effect that she had

done it so you would have the money if she passed away first? " the plaintiff answered: " She didn't say anything, but I supposed she understood it." To the question, " You understood it? " she answered, " Yes "; and " Yes " to the question, " Then you made the remark ' You will probably outlive me ' ? "

It further appeared that Mrs. Sawyer gave the plaintiff " a card to be signed," which was put in evidence; that the plaintiff signed it " Angeline Battles; residence, Plymouth "; that there was no other writing on the card and that Mrs. Battles inferred Mrs. Sawyer took it to the bank; that Mrs. Sawyer did not give the book to the plaintiff; that the plaintiff never had the book; that the book always remained with Mrs. Sawyer; and that the plaintiff never drew or tried to draw any money from the account at the bank. The plaintiff answered " Yes " to the question " The money was her money? " and " No " to the question " None of yours? "

At the close of the evidence the defendant requested the court to rule:

" 4. If Clara E. Sawyer intended to make a gift of the fund in question in the Millbury Savings Bank upon and in the event only of her death prior to the death of Angeline Battles, then as a matter of law, the gift, being testamentary in character, is in violation of the law of wills, and the plaintiff cannot recover the said sum.

" 5. If Clara E. Sawyer and Angeline Battles intended that the fund in question in the Millbury Savings Bank should be a gift to Angeline Battles dependent upon and in the event only of the death of Clara E. Sawyer prior to the death of Angeline Battles, then as a matter of law the gift, being testamentary in character, is in violation of the law of wills, and the plaintiff cannot recover the said sum."

The trial judge denied all of the requests and the executor duly excepted.

After charging the jury that a gift cannot be made to take effect in the future, upon the contingency of death, the judge instructed the jury more particularly as follows: " Now, you are not concerned in this case, and I am not going to in-

struct you whether there has been a gift to take effect upon the death of Mrs. Sawyer or not." The judge then proceeded to instruct the jury at length upon the question "whether or not both of those women entered into a scheme and arrangement, of which this was a tangible expression, to effect the transfer of that money only after Mrs. Sawyer's death and therefore to cheat the statute of wills and the Commonwealth out of any money that might be coming due it in the shape of taxes"; and further instructed the jury, that " to prevent the plaintiff from recovering both she and Mrs. Sawyer must be shown as parties to some scheme to do nothing else in this case except to circumvent and get around the statute of wills controlling the disposition of Mrs. Sawyer's property."

The refusal of the judge to give the requested rulings was error. As a matter of law Mrs. Sawyer could legally deposit money in a savings bank to the joint account of herself or Miss Battles, which deposit would operate as a present and complete gift in joint ownership if Mrs. Sawyer clearly intended such a result. *Attorney General* v. *Clark*, 222 Mass. 291. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499. *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, 507. The retention of the deposit book by Mrs. Sawyer was evidence shedding light upon her intention, but was not conclusive against the right of Miss Battles to show by fact and circumstance the intention to make a present gift of a joint interest in the deposit. *Industrial Trust Co.* v. *Scanlon*, 26 R. I. 228. *Marston* v. *Industrial Trust Co.* 107 Atl. Rep. 88. See *Bath Savings Institution* v. *Fogg*, 101 Maine, 188. *McCullough* v. *Forrest*, 84 N. J. Eq. 101. *Main's Appeal*, 73 Conn. 638, 642. *Taylor* v. *Coriell*, 21 Dick. 262, 268.

Upon the evidence above set out as a fair inference of fact the jury would have been warranted in finding the intent of Mrs. Sawyer was not to give a present irrevocable interest and title in the savings bank book and in the right it represented, but was that the title, control and disposition of the fund should remain in her (Mrs. Sawyer) until her death and that then, and in that event, the absolute title should devolve upon Miss Battles. Should the jury find that such

was the intent of Mrs. Sawyer the gift would take effect only upon her death and would be obnoxious to the statute of wills. *Sherman* v. *New Bedford Savings Bank,* 138 Mass. 581.

It is undoubtedly true, as the plaintiff contends and as the judge in effect instructed the jury, that as between the defendant bank and Mrs. Sawyer or Miss Battles the right of either of them did not arise by virtue of a gift either at the time of the deposit or at the time of Mrs. Sawyer's death, but was a right in the form of a chose in action against the bank created by a contract with the bank at the time the deposit was made; and it may be assumed that as between the bank and the parties the bank would be justified in treating the deposit as funds in which the parties had a joint interest. *Bradford* v. *Eastman,* 229 Mass. 499.

This case ceased to be an action between Miss Battles and the bank when the executor of Mrs. Sawyer was allowed to intervene as a claimant against the fund and to show by facts and attendant circumstances that in law there was not a present and perfected gift of a joint interest of the money when it was deposited in the bank or afterward. The charge was inapt and inappropriate to any issue before the jury and the exceptions thereto must be sustained. The case should have been submitted to the jury on the issue of a present perfected gift or of a gift to take effect after the death of Mrs. Sawyer, with appropriate instructions.

*Exceptions sustained.*