HERBERT G. PERRY, administrator, *vs.* FRANK LEVERONI,
public administrator.

Suffolk.    March 13, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Gift.    Savings Bank.    Husband and Wife.*

Five years before his marriage, a man opened an account in his own name
in a savings bank.   Four years after his marriage, he opened an account
in the same bank in the name of himself as trustee for his wife, using her
name, and, twenty-four years later, he combined the two accounts in
the name of himself "or" his wife, (giving the names but not the
designation of husband or wife,) "or the survivor." The wife did not
sign or deposit with the bank any identification card or agreement.
. The year following the combining of the accounts, the husband died.
At that time the bank book was in a soup tureen in his home in a
bundle with bank books standing in his name, and in the same tureen,
but not in the bundle, were also bank books of accounts standing in the
name of the wife solely.   The wife called attention, after the husband's
death, to the books which were not in the bundle, saying, "These are
mine — in my own name," and saying nothing about the other books;
but "she pulled them apart while they were tied in a bundle . . . and
looked at them." She afterwards died.   In an action by the adminis-
trator of the estate of the husband against the administrator of the
estate of the wife, on the facts above described, it was *held*, that
    (1) The deposit in question never passed to the wife by way of gift;
    (2) If the husband had an intention to convey the deposit to his wife,
his intention never was carried out.
In the same bundle with the deposit books above described was a book
representing an account in a savings bank which originally had been
opened in the husband's name but which he had transferred to the
names of himself and his wife, or the survivor of them, and as to which
both he and she had signed and delivered to the bank the usual identi-
fication cards.   *Held*, that, while there was no gift during the husband's
lifetime and no gift of the balance upon his death, there was a complete
contract between the depositor and the bank, assented to by the wife,
by which, upon the death of the husband, she became the owner of the
balance of the deposit; and therefore the administrator of the estate
of the wife was entitled to receive such bank deposit.

CONTRACT by the administrator of the estate of Jefferson
I. Morse against the public administrator of the estate of
Alice M. Morse, widow of Jefferson I. Morse, to recover
the amount of the principal and interest standing in The

Atlantic National Bank of Boston, the Union Institution for Savings in the City of Boston, and the County Savings Bank, in Chelsea. Writ dated December 27, 1924.

There was an agreed statement of facts. Material facts are described in the opinion. In the Superior Court, by agreement of the parties, *Burns*, J., without making a decision, under G. L. c. 231, § 111, reported the action to this court for determination.

*J. E. Hannigan*, for the plaintiff.

*F. H. Magison*, for the defendant.

CROSBY, J. This is an action of contract wherein the plaintiff, as administrator of the estate of Jefferson I. Morse, seeks to recover the amount of three savings bank deposits. The case comes before us upon a report by a judge of the Superior Court without making any decision thereon, upon request of the parties, with an agreement as to all the material facts, under G. L. c. 231, § 111.

The agreed facts in the case at bar, summarily stated, showed that Jefferson I. Morse, the plaintiff's intestate, and Alice M. Flaglor were married July 21, 1894; that they lived together until the date of his death, February 9, 1923; that in March, 1923, she died; and that there was no issue of the marriage. The inventory of his estate showed real estate of the value of $3,495, and personal estate of $12,712.53, nearly all of which consisted of ten deposits in various savings banks and in other banks. Mrs. Morse owned no real estate, but the inventory of her personal estate consisted in part of five deposits in as many banks. The ownership of three of these deposits is the question we have to decide. All of the money deposited in the banks included in the inventory of her estate (with the exception of one deposit made before the marriage) was in her maiden name, but had been earned by her husband. At the time of the husband's death the ten bank books representing accounts in his own name and the three bank books representing the deposits in controversy were tied together in a bundle and placed in a soup tureen in a cupboard in the Morse home. In the same receptacle, but not in the bundle with the other thirteen, were two savings bank books in the name of the wife.

After the husband's death, his sister, Elizabeth A. Morse, visited Mrs. Morse at her home in Revere. While there, Mrs. Morse took all the bank books from the tureen, including the two in her own name, and showed them to Miss Morse; she held up the two owned by her and said, "These are mine — in my own name"; she said nothing about the other books, but. "she pulled them apart while they were tied in a bundle . . . and looked at them." Mrs. Morse and her sister-in-law later went to the office of the plaintiff, and the thirteen books tied together were delivered to him. The three deposits, the title to which is in dispute, were made in the Boylston National Bank (now The Atlantic National Bank of Boston), the Union Institution for Savings in the City of Boston, and the County Savings Bank, in Chelsea.

The facts respecting the deposit in The Atlantic National Bank of Boston are as follows: the account was opened November 29, 1920, with a deposit of $300 in the name of Jefferson I. Morse; at some later date, at Morse's direction, this was changed to a joint account payable to "Jefferson I. Morse, or Alice M. Morse, or the survivor." Alice M. Morse did not sign and deposit with the bank any identification card.

The account in the Union Institution for Savings was opened in the name of Morse on January 22, 1889. On June 27, 1898, another account in this bank was opened in the name of "Jefferson I. Morse, trustee for Alice M. Morse." On June 10, 1922, the value of the first account was $1,167.53, and that of the second $1,151.03. On the last mentioned date the two accounts were merged into one and carried thereafter on the books of the bank in the names of "Jefferson I. Morse, or Alice M. Morse, or the survivor." Alice M. Morse did not sign and deposit with the bank any identification card.

Upon the facts stated, it is plain that, as matter of law, neither of these two deposits passed to Mrs. Morse by gift. There is nothing to show that either of the deposit books was delivered to her or that she signed or delivered to the bank any identification card, nor that she knew during her husband's lifetime that the deposits were made payable to her

husband or herself or to the survivor. There was no declaration made or communication to her by her husband that he intended that the money represented by these deposits should be hers. If such were his intention, it was never carried out. The money in both instances was deposited by him and subject to his exclusive control up to the date of his death. And upon the agreed facts there was no contract with the bank by virtue of which the depositor or his wife could draw such sums as either desired from these deposits, nor that after the death of one the balance was to belong to the survivor.

As to the deposit in the County Savings Bank, the agreed facts show that it was made in the names of the husband and wife and was payable to either of them or the survivor. It is also agreed that both signed and delivered to the bank the usual identification cards. Upon these facts there was no gift during the husband's lifetime and no gift of the balance upon his death. There was, however, a completed contract between the depositor and the bank, assented to by Mrs. Morse, by which, upon the death of her husband she became the owner of the balance of the deposit. It is immaterial that the bank book remained in the possession of Morse. By the terms of the contract the balance belonged to her as the survivor. It was not a gift to take effect at his death, and the fact that the statute of wills was not complied with does not affect her right to the deposit.

In principle the case at bar cannot be distinguished from *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499. See also *Brown* v. *Brown,* 174 Mass. 197; *Palmer* v. *Treasurer & Receiver General,* 222 Mass. 263; *Attorney General* v. *Clark,* 222 Mass. 291; *Marble* v. *Treasurer and Receiver General,* 245 Mass. 504; *Moore* v. *Mansfield,* 248 Mass. 210.

The result is that judgment is to be entered for the plaintiff for the amount of the deposits in The Atlantic National Bank of Boston and in the Union Institution for Savings in the City of Boston, which have been transferred to the defendant, together with any interest thereon which may have been received by the defendant since the date of such transfer.

*So ordered.*