WILLIAM R. CHASE *vs.* ROSELLA SMITH, executrix,
& another.

Barnstable.    October 13, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Gift.   Savings Bank.   Probate Court,* Findings by judge, Appeal.

If the owner of a savings bank deposit with full knowledge of the legal significance of his act changes the deposit on the bank's books from an account standing in his own name to an account standing in the name of a second person "or" himself "or the survivor," and notifies the second person, who assents thereto and thanks him, the second person, although he never has actual possession of the bank book, by a suit in equity against the bank and the executor of the will of the original depositor after the depositor's death, may obtain possession of the deposit.

PETITION, filed in the Probate Court for the county of Barnstable on February 20, 1925, against the executor of the will of James F. Chase, late of Dennis, and the Cape Cod Five Cents Savings Bank for a decree directing the payment to the petitioner of a savings bank account formerly belonging to the testator.

In the Probate Court, the petition was heard by *Campbell,* J.   Material facts found by the judge are stated in the

opinion. From a decree for the petitioner, the respondent Smith appealed.

The case was submitted on briefs.

*C. Bassett*, for the respondent Rosella Smith, executrix.

*H. A. Harding*, for the petitioner.

BY THE COURT. This is a petition in equity to determine the ownership of a bank book. James F. Chase, the testator, had a deposit in a savings bank in his own name. On December 7, 1923, he changed the deposit to the account of "William R. Chase or James F. Chase or the survivor." There was testimony to the effect that the testator told William R. Chase what he had done about the deposit in the savings bank, and that William R. Chase assented to the deposit and thanked him for his kindness, and that the testator stated to a third person that he had deposited money in the savings bank for William R. Chase, after having thought it all over carefully. The treasurer of the savings bank testified "that he informed James F. Chase on the date that he transferred the money to a joint account and before said transfer that either he or William would have a right to it and that it was subject to attachment against either and that James F. Chase thoroughly understood what he was doing when he made the transfer." William R. Chase never had actual possession of the bank book, but saw it either before or shortly after the death of the testator.

The probate judge found as a fact that the testator made a valid gift unequivocally declared and executed in favor of William R. Chase who assented thereto.

On this evidence and finding, the case at bar is governed by *Battles* v. *Millbury Savings Bank*, 250 Mass. 180.

*Decree affirmed.*