WILLIAM H. McKENNA & another, executors, *vs.* CATHERINE A. McKENNA & others.

Middlesex.    March 15, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, & WAIT, JJ.

*Gift*, Of savings deposit.    *Trust Company*, Savings department.

Upon the evidence at the hearing of a petition by the executor of a will for instructions relating to deposits placed by the testator in several savings banks, each deposit being in the name of himself and of one of

five children, respectively, "as joint tenants payable to the survivor," and the cards signed for the bank having thereon first his own name and the name of each child "by" the testator, "Tr.," it appeared that after the deposit was made each child for himself signed his respective signature card and the books were placed in the possession of one of the children and afterwards in a safe deposit box of the testator to which that child had the keys, and still later were placed with the bank. There also was evidence of statements by the testator from time to time relating to the deposits.  *Held*, that

(1) The question, whether the testator made a completed present gift of each deposit or a *quasi* testamentary disposition of the property, parting with nothing until his death, was one of fact;

(2) A finding was warranted that in each case there was a completed gift which left the father without power to prevent the immediate use of the deposit by the child named as joint depositor;

(3) As survivor of the joint owners of a deposit, each child by operation of law became its sole owner on the death of the father, to the exclusion of the father's estate.

PETITION, filed in the Probate Court for the county of Middlesex on July 9, 1925, by the executor of the will of George F. McKenna, late of Somerville, for instructions relating to the ownership of certain savings bank accounts.

In the Probate Court, the petition was heard by *Leggat*, J., a stenographer having been appointed under G. L. c. 215, § 18.  Material facts found by him are stated in the opinion. By order of the judge, a decree was entered "that all of said deposits are joint accounts and were absolute gifts made during the lifetime of the donor and became the property of the joint holders thereof on the death of said donor." Catherine A. McKenna, widow of the testator, appealed.

The case was submitted on briefs.

*E. R. Dewing & H. E. Foley*, for Florence L. Bigley and others.

*H. W. Conant*, for Catherine A. McKenna.

WAIT, J.  On October 16, 1923, George F. McKenna, who was then living with his daughter, Mrs. Breen, and apart from his wife, Catherine A. McKenna, consulted an attorney with regard to making a will.  He asked how he could arrange so that certain amounts which he wished to give to five of his children could be free from any claim of his wife against his estate.  He was advised that he might be able to do this by making deposits in the joint names of

himself and each child, payable to the survivor, and was told that if he did this he could receive the interest and could use the amount deposited, but that each child would also be able to draw the amount of the deposit if he gave him or her the book. He made a will in which he gave his wife the share in his estate to which, as wife, she was entitled by statute, and he also executed five orders on the Somerville Trust Company, where he had a deposit, directing that company to pay to himself and a child named in each order a certain sum "as joint tenants payable to the survivor," and to deposit the amount in its savings department "in these two names." On October 18, 1923, he presented the five orders at the trust company, signed deposit cards for each child "by George F. McKenna, Tr." and took away five deposit books for the appropriate deposits "in the names of [the child] or George F. McKenna," subject to the order of either, the balance at the death of either to belong to the survivor.

He took these books to Mrs. Breen's house where he showed them to her and told her what he had done. The books were at her house for several weeks until she asked her father to put them in his safe deposit box. He told her "Any time you children want this money you can get it, you can draw it." She had the keys to the safe deposit box.

He went to a hospital May 13, 1924, and remained till June 28. While there he was visited by his family, and about May 30, requested one of the five, his daughter Florence, to get from the deposit vault his bank books as he was disturbed about the amount of his estate and the provisions of his will. She obtained the five books and took them to him, but he explained it was not these books which he wanted, that "I want to add my own bank books and compare the amount with my personal account to see if it will cover the will." She, accordingly, got and gave to him the other books. She went with the books, including the five, to her father's attorney who had drawn the will and advised in regard to the deposits, and who, also, was named as one of the executors of the will. She talked about the books with him. He found the deposit cards in each book,

still unsigned by the child in person. He got four of the children to sign the cards, the fifth signed later, took the books and cards to the trust company and received a paper from the treasurer reciting the receipt on May 31, 1924, from the attorney of five described deposit books in the children's names, "all in the name of George F. McKenna," and signed by the treasurer. The books remained with the company until after George F. McKenna's death, which occurred in the fall of 1924, when they were delivered to the attorney (now the executor of the will) and the receipt was taken up. The daughter, Mrs. Breen, was told by the father "the books were theirs, he would never have cause to use them" and he also said "the keys were there." The daughter Florence was told by him that he had made out a book for her in a joint account "which she might have for her use when she needed it."

The case is before us upon an appeal from a decree made upon a petition of the executors asking instructions whether to retain the books as assets of the estate or to deliver them to the surviving depositors, which ordered delivery to the survivor.

We find no error in the decree. The law applicable in the premises has been stated in *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, *Chase* v. *Smith*, 257 Mass. 252, *Perry* v. *Leveroni*, 252 Mass. 390, *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, *Moreau* v. *Moreau*, 250 Mass. 110.

The essential question is one of fact. Did George F. McKenna, in his lifetime, put title to the deposit in the child named as joint tenant — that is, did he make a completed present gift or did he make a *quasi* testamentary disposition of the property, parting with nothing until his death?

The mere form of the instrument of deposit does not settle the matter. *Moreau* v. *Moreau, supra.* Nor does the fact that, as between the trust company and each joint depositor, the company would be justified in paying to the depositor. *Perry* v. *Leveroni, supra.* If the full dominion over the property was retained by the father, no title passed as against his estate which bars the right to an interest in each amount for the benefit of the mother. *McEvoy* v. *Boston Five Cents*

*Savings Bank,* 201 Mass. 50. If the orders to the company were intended to be of no effect until the father's death, the disposition was testamentary and invalid, because not made by will. *Battles* v. *Millbury Savings Bank,* 250 Mass. 180, 187.

The contention of the appellant fails because, giving due weight to the several facts found by the judge of probate, it could be found, without error of law, that in each case there was a completed gift which left the father without power to prevent the immediate use of the deposit by the child named as joint depositor. The father made declarations to the daughters, Florence and Mrs. Breen, which, taken with his action in placing the books within their control, support the finding of completed gifts to them. There is no statement of evidence of similar communication to the daughter, Mrs. Ryan; but no specific notice to her was necessary when delivery of the book given to her was made to the sister. *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228, 231. She was given a present contract right against the bank, *Perry* v. *Leveroni, supra. Bradford* v. *Eastman,* 229 Mass. 499. Redelivery to the donor for safe keeping does not destroy the efficacy of the gift. *Eastman* v. *Woronoco Savings Bank,* 136 Mass. 208.

The order must be

*Decree affirmed.*