HOLYOKE NATIONAL BANK, executor, *vs.* CATHERINE F. BAILEY, administratrix, & others.

Hampden.    September 18, 1930. — January 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Savings Bank,* Joint account.  *Contract,* What constitutes.  *Joint Tenants and Tenants in Common.*

Three savings bank accounts were opened by a man in the names of himself and his wife, payable to either.  Both signed a deposit card as to each such account.  The wife knew of the opening of the accounts and the form and manner in which it was done.  A fourth account was opened by the wife in her name, "Pay to . . . [her husband] also."  A deposit card was signed by both parties.  A fifth account was opened by the wife in her name; and later she instructed the bank to "Pay to . . . [her husband] also."  The husband died many years later.  The five bank books were found in his possession.  Excepting the book for the fifth account, he always had had possession and control of the books.  In his will, made after the opening of all the accounts, he stated that all savings accounts in his name and that of his wife as joint accounts were his property and had not been given by him to his wife.  Upon a petition for instructions, by the executor of the husband's will, it was *held,* that

(1) The fact that the husband retained possession of the bank books was not decisive, but was a circumstance to be considered in determining whether there was a completed contract of joint ownership;

(2) As to the first three accounts, there was a completed contract between the bank and the husband by which, upon his death, the wife, as survivor, became the owner of the deposits;

(3) As to the fourth and fifth accounts, the wife transferred · to the husband at most a joint ownership: each of those accounts was subject to a contract similar to that made with the bank by the husband;

(4) The transaction with reference to each account was not a gift nor a loan, but constituted a valid contract, which could not be rescinded nor modified by the mere declaration of the husband alone without the mutual assent of the other parties in interest; and the statement in the will of the husband therefore could not affect such contracts;

(5) The wife was entitled to the five bank books.

PETITION for instructions, filed in the Probate Court for the county of Hampden on March 29, 1929, by the executors under the will of Michael Cleary, late of Holyoke.

After the death of Mary J. Cleary, one of the petitioners, who in her individual capacity also was one of the respondents, the administratrix of her estate was admitted as a respondent. The case was heard by *Denison*, J., upon an agreed statement of facts and certain evidence. Material facts are stated in the opinion. By order of the judge, a decree was entered directing the surviving petitioner to deliver the five bank books in question to the respondent administratrix of the estate of Mary J. Cleary. Certain other respondents appealed.

The case was submitted on briefs.

*J. P. Kirby*, for Catherine F. Bailey, administratrix.

*N. P. Avery, A. S. Gaylord & F. E. Button*, for Irene Cleary Stone and others.

CROSBY, J. This is a petition for instructions brought by the executors of the will of Michael Cleary to determine the ownership of certain deposits in five savings banks. The claimants are the decedent's wife, Mary J. Cleary, and his next of kin. Since the filing of this petition Mary J. Cleary, who was also a co-executor under the will, has died, and the administratrix of her estate has been substituted as a defendant.

The case is before us on an agreed statement of facts in which it appears that the deposit in the Springfield

Five Cents Savings Bank was in the names of " Mary J. and Michael Cleary," the deposit in the Springfield Institution for Savings was in the names of " Michael and Mary Cleary," and the deposit in the Mechanics Savings Bank was in the names of " Michael Cleary and Mary J. Cleary." In each case the deposit was payable to either husband or wife and at the time it was made a deposit card was signed by both. Mary J. Cleary knew of the deposit and the form and manner in which it was made, and all deposits and withdrawals, with the exception of the final withdrawal closing the account, were by Michael Cleary.

The initial deposit in the Holyoke Savings Bank was entered on the pass book as follows: " Mary J. Cleary. Pay to Michael Cleary also." This deposit was made by Mrs. Cleary out of the proceeds derived from the sale of certain real estate which stood in her name. A deposit card was signed by both parties at the time of the deposit.

The initial deposit in the Peoples Savings Bank was made by Mary J. Cleary in 1903 and stood on the books of the bank and upon the pass book in her name alone until July 31, 1913. On that date she gave a written order to the bank to " Pay to Michael Cleary also," and thereafter the account was carried on the books of the bank, and on the pass book, as " Subject to withdrawal in whole or in part by either or the survivor of either." All subsequent additions and withdrawals, with the exception of the final withdrawal closing the account, were made by Michael, who had possession of the pass book after the deposit was made payable to him.

The five pass books were found in Michael Cleary's safe deposit box after his death. With the exception of the book of the Peoples Savings Bank, the facts with reference to which have been already stated, the books were at all times in his possession and control, and he alone had access to the safe deposit box. It is agreed that Mary J. Cleary is the person whose name appears with that of Michael.

Michael Cleary's will is dated October 31, 1927. In the

tenth clause, which contains provisions in favor of his wife, appears the following: "Any savings bank books that may be in my name and in my wife's name as joint accounts are my own property and have not been given to my wife by me." At the hearing in the Probate Court, no evidence of a material nature to supplement the agreed statement of facts was offered except on the question whether Mrs. Cleary waived whatever rights she had to the deposits by permitting the bank books to be inventoried as assets of her husband's estate and by acquiescing in the use of a part of the funds for payment of debts due from the estate. The judge of probate found that " she neither understood her rights nor possible duties in this connection and that her conduct was not such as to estop her from making a later claim." He further found that upon the death of Michael Cleary the deposits in each of the banks belonged to Mary Cleary by virtue of a completed contract between the depositor and the bank assented to in each instance by her, and that by the terms of the contract the balances belonged to her as the survivor. The case is here on appeal from a decree in favor of the administratrix of the estate of Mary J. Cleary.

The mere form in which a deposit is made or the failure of a claimant to sign a deposit slip is not conclusive upon the question of title to the fund. *Eastman* v. *Woronoco Savings Bank,* 136 Mass. 208. *Booth* v. *Bristol County Savings Bank,* 162 Mass. 455, 457. *Scrivens* v. *North Easton Savings Bank,* 166 Mass. 255, 259. *McKenna* v. *McKenna,* 260 Mass. 481, 484. *Kentfield* v. *Shelburne Falls Savings Bank,* ante, 548.

The fact that the husband retained possession of the deposit books and kept them in his safe deposit box is not decisive, but is a circumstance to be considered in determining whether there was a completed contract in joint ownership and was so intended. *Attorney General* v. *Clark,* 222 Mass. 291. *Battles* v. *Millbury Savings Bank,* 250 Mass. 180, and cases cited.

The present case is to be decided upon the agreed facts and the reasonable inferences to be drawn therefrom. The

original deposits made by the husband were all made in the names of both parties and each was payable to either or the survivor. The original deposit in the Holyoke Savings Bank by Mrs. Cleary was payable either to herself or to her husband; and the one in the Peoples Savings Bank was later made payable to him. The form and manner in which all the deposits were made show that both parties intended to create a joint title and ownership in them. After the deposits had been made the parties became joint owners, and upon the death of the husband, the wife, as survivor, by virtue of the terms of the deposits, became as matter of law vested with title to each of them. The circumstance that the husband took possession of the books and kept them during his lifetime and did not expressly state that he intended his wife to have title after his death is of no consequence. It could reasonably be inferred from the agreed facts that such was his intention. She knew when the deposits were made that they were made in their joint names, and both signed deposit slips to that effect. It is plain that there was a completed contract between the banks and Michael Cleary by which, upon the death of the husband, she became as survivor the owner of the deposits. The case cannot be distinguished in principle from *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499. *Perry* v. *Leveroni,* 252 Mass. 390. *Brodrick* v. *O'Connor,* 271 Mass. 240, and cases cited.

The accounts in the Holyoke Savings Bank and the Peoples Savings Bank were opened by Mary J. Cleary and have ever since stood in her name. Whatever she transferred to her husband was only a joint interest. She never divested herself of the right to withdraw these deposits or of the right of survivorship. She has, so far as the agreed facts show, always claimed them, and at the time the inventory was being made of her husband's estate she then supposed that all the books were hers. Whatever was deposited by her husband in these accounts was thereafter held by both as joint owners and was subject to the rights of the survivor; and was subject to the

same contract as the deposits made by her husband in the three other banks. *Perry* v. *Leveroni, supra.* See *McCluskey* v. *Provident Institution for Savings,* 103 Mass. 300.

The statement in the will of Michael Cleary above referred to on this record is the only statement he ever made respecting these five deposits, and it did not appear until after his death. The will was executed after all the deposits had been made and there is nothing to show that such an intention was ever expressed by him in his lifetime, otherwise than to place it in his will. It was never communicated by him to his wife during his lifetime and cannot affect the contracts which had been made between the banks and his wife and himself. Up to the time of his death the deposits belonged to them jointly and the banks and Mrs. Cleary were justified in assuming that if she survived him she would be entitled to all that remained of the five deposits. It is a reasonable inference that both parties acted upon the belief and understanding for many years before the will was executed that whatever remained in the deposits at the death of either party would belong to the survivor. The transactions were not gifts or loans, but were valid contracts. This plainly appears from the undisputed facts agreed upon, apart from any oral testimony. In these circumstances the contracts could not be rescinded or modified by the mere declaration of one of the parties, by will or otherwise, without the mutual assent of the other parties in interest. There was no such assent either by the banks or by Mrs. Cleary. It does not appear that Michael Cleary entered into the contracts under any mistake of law, and his heirs or devisees cannot now repudiate the contracts, which he freely and understandingly entered into, and thereby deprive the legal representative of his wife of rights thereunder. *Alden* v. *Thurber,* 149 Mass. 271. *Dean* v. *Washburn & Moen Manuf. Co.* 177 Mass. 137. *Earnshaw* v. *Whittemore,* 194 Mass. 187, 191. *Hanson & Parker, Ltd.* v. *Wittenberg,* 205 Mass. 319, 326. *Reggio* v. *Warren,* 207 Mass. 525.

It follows that the statement in the will cannot affect the rights of the parties in these proceedings. The question whether Mary J. Cleary waived her rights to the deposits by consenting that they might be inventoried as belonging to her husband's estate or by permitting withdrawals of some of the deposits for the payment of debts of the estate has not been argued and is treated as waived.

*Decree affirmed.*