MYLES J. GIBBONS *vs.* ANNIE GIBBONS.

Suffolk.    October 7, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Trust,* What constitutes. *Husband and Wife. Equity Jurisdiction,* Suit to enforce trust, Suit between husband and wife. *Equity Pleading and Practice,* Appeal.

The correctness of an interlocutory decree sustaining a demurrer to a bill in equity, not appealed from, was open on an appeal from a final decree dismissing the bill.

A husband could maintain a suit in equity against his wife to regain possession of the amount of a deposit in a savings bank which was his individual property and formerly had stood in his name alone and which, under an agreement with her that it should remain his property with the right in him to make withdrawals thereon, and to protect her in the event of his death, he had caused to be transferred to the names of both of them, "payable to either or the survivor," but not as a gift or with intent to pass any title to her, and which in violation of the terms of the transfer she had withdrawn and had converted to her own use; she held as trustee for him her contractual right in the deposit as against the bank, and the withdrawal was a breach of that trust.

BILL IN EQUITY, filed in the Superior Court on September 28, 1935.

A demurrer to an amended bill was sustained by order of *Pinanski,* J., and a final decree dismissing the bill was entered by order of *Walsh,* J. The plaintiff appealed from the final decree.

The case was submitted on briefs.

*J. M. Graham,* for the plaintiff.

*J. F. McLaren,* for the defendant.

LUMMUS, J. The plaintiff appeals from a final decree dismissing his bill after the entry of an interlocutory decree sustaining a demurrer thereto. Although no appeal from the interlocutory decree was taken, its correctness is open for consideration upon the appeal from the final decree. G. L. (Ter. Ed.) c. 214, § 27. *Nochemson* v. *Aronson,* 279 Mass. 278, 280. See also *Carleton & Hovey Co.* v. *Burns,*

285 Mass. 479, 484; *Canning's Case,* 283 Mass. 196, 199; *Arwshan* v. *Meshaka,* 288 Mass. 31, 34.

The bill alleges that in 1930, at the solicitation of the defendant, his wife, the plaintiff caused savings accounts in two banks, which were his individual property, to be transferred from his name into the names of himself and his wife "payable to either or the survivor of either" [*sic*]; that "said transfer so made was not made in any way as a gift or transfer of said moneys represented by said deposits to his said wife, or with intent to pass title thereto to her, but solely under an agreement with his said wife that the same was to be and remain his property, with the right in him to make withdrawals thereon, and to protect her in the event of his decease"; and that thereafter he retained possession of the books representing said accounts and handled the accounts as his own until August 26, 1935, when his wife without his knowledge or consent took the books from his possession, withdrew substantially all the money on deposit with the intent to convert it to her own use, and refused to return it.

We need not consider the final proposed amendment to the bill which the judge refused to allow, for we think the bill as previously amended was good. We treat as waived the plaintiff's appeal from the denial of the final motion to amend, for such appeal seems to have no present importance in view of the result to which we have come.

If there had existed an intent to make the wife one of the owners of the deposits in *quasi* joint tenancy (*Marble* v. *Treasurer & Receiver General,* 245 Mass. 504; *Johnson* v. *Nourse,* 258 Mass. 417; *Splaine* v. *Morrissey,* 282 Mass. 217), then what was done in 1930 would have been valid as a novation, vesting in the wife an interest derived, not by gift from the plaintiff, but from the new contracts made by the banks with the parties, even though a valid gift from the plaintiff of the books which represented the accounts (*Stebbins* v. *North Adams Trust Co.* 243 Mass. 69, 75, 76) or of any interest therein could not be shown. *Brown* v. *Brown,* 174 Mass. 197, 201. *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499, 501, *et seq. Perry* v. *Leveroni,*

252 Mass. 390. *Chase* v. *Smith,* 257 Mass. 252. *Barnes* v. *Chandler,* 277 Mass. 395, 398. *Splaine* v. *Morrissey,* 282 Mass. 217, 221. *Coolidge* v. *Brown,* 286 Mass. 504. *Goldston* v. *Randolph,* 293 Mass. 253, 257. *Batal* v. *Buss,* 293 Mass. 329. See also *Graham* v. *Barnes,* 259 Mass. 534; *Bedirian* v. *Zorian,* 287 Mass. 191. The fact that the wife furnished none of the consideration would be immaterial. *Palmer Savings Bank* v. *Insurance Co. of North America,* 166 Mass. 189, 195, 196. Williston, Contracts (Rev. Ed.) § 114.

But though it "may be assumed that, as between the banks and these parties, the banks would be justified in treating the deposits as funds in which the parties had a joint interest" (*Bradford* v. *Eastman,* 229 Mass. 499, 500, 501), the fact that the defendant was a promisee under the contracts made by the banks does not establish her rights against the plaintiff. He may show by oral evidence, since the bank accounts are personalty, that she held her contractual rights in the bank accounts as trustee for him. See *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, 469. In *Bradford* v. *Eastman,* 229 Mass. 499, the original owner of savings bank deposits obtained a decree for the redelivery to her of the bank books, although she had transferred the accounts into the names of herself and her niece, where she did so for her own convenience and with no intent to transfer a present title. See also *Milan* v. *Boucher,* 285 Mass. 590; *Coolidge* v. *Brown,* 286 Mass. 504. In the present case, the bill negatives any intention to vest a present interest in the wife, and declares that the intention was merely testamentary. *Battles* v. *Millbury Savings Bank,* 250 Mass. 180. *R. H. White Co.* v. *Lees,* 267 Mass. 112.

The bill alleges in substance a breach of trust. It can be maintained notwithstanding the existence between the parties of the relationship of husband and wife. *Moreau* v. *Moreau,* 250 Mass. 110. *Druker* v. *Druker,* 268 Mass. 334, 338. *Weidman* v. *Weidman,* 274 Mass. 118, 122.

*Interlocutory decree sustaining demurrer reversed.*

*Final decree reversed.*