ADRIAN A. GAUCHER, executor, *vs.* JAN PLANETA & others.

Worcester. September 23, 1958. — November 20, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Gift. Joint Tenants. Personal Property*, Joint tenancy.

Evidence in a suit in equity by an executor in the Probate Court warranted findings that the petitioner's testator, an elderly man who understood English only imperfectly, did not comprehend the legal significance of a transaction at a time when he was seriously ill wherein the name of the respondent was put as joint owner on a savings bank account of the testator representing substantially half of his property, that the testator did not intend to give the respondent an interest in the account, that withdrawals by the respondent of practically the entire deposit without notifying the testator after surreptitiously obtaining possession of the bank book while the testator was in a hospital were unauthorized, and that the amounts withdrawn belonged to the testator's estate upon his death shortly thereafter.

PETITION IN EQUITY filed in the Probate Court for the county of Worcester on December 3, 1956.

The case was heard by *Wahlstrom*, J.

The case was submitted on briefs.

*John J. Siarkiewicz & Bruno J. DiCicco*, for the respondent Jan Planeta.

*Jacob Y. Young & Adrian A. Gaucher*, for the petitioner.

WILLIAMS, J. This is a petition in equity by the executor of the estate of Charles Rostowski to recover for the estate funds withdrawn by the respondent Jan Planeta from a savings account of the testator in the Southbridge branch of the Worcester County Trust Company and deposited in a joint account maintained by him and his sister-in-law Felicia Planeta in the Southbridge Savings Bank. Felicia and the savings bank are joined as respondents. The respondent Jan Planeta appeals from a final decree ordering the savings bank to pay the amounts so deposited with accumulated dividends to the petitioner.

From the findings of material facts by the trial judge and our own findings from the reported evidence we have for consideration the following facts.

The testator was a widower, seventy-five years of age, living alone on the lower floor of 66 Wall Street, Southbridge. He was unable to write English and understood it imperfectly. The house where he lived was owned by one Anthony Planeta who with his wife Felicia lived on an upper floor. The testator and the Planetas were of so-called Polish "extraction." On March 3, 1954, the respondent Jan Planeta, who was a brother of Anthony, arrived from England where he had lived for the preceding three years and came to live with his brother. He had a few hundred dollars and on April 30, 1954, opened an account numbered 60782 in the Southbridge Savings Bank with a deposit of $500. He became acquainted with the testator who had two savings accounts, one of approximately $8,200 numbered 58335 in the Southbridge Savings Bank and one of slightly over $8,500 numbered 16819 in the Southbridge branch of the Worcester County Trust Company. On June 4, 1954, Jan deposited in his account numbered 60782 $1,000 which the testator had given him and changed the account into a joint account by adding his sister-in-law Felicia. The testator became seriously ill in August, 1955. On August 8 he went to the trust company accompanied at his request by Jan. There, in the presence of the testator, Jan handed the bank book numbered 16819 to the teller saying "Rostowski

wants two thousand dollars." A withdrawal slip was made out, the testator signed with his "mark" and he was given $2,000 in cash. Jan then said, "He wants to have my name put on the book." The teller asked the testator if he wished to have both names on the account so that either one could make withdrawals. The testator nodded his head and said "Yes," the only English word spoken by him in the bank. The name of Jan Planeta was then added to the book and the testator took it away.

He was taken to a hospital on September 1, 1955, and remained there until his death on October 1, 1955. He took with him his savings bank book numbered 58335 in the Southbridge Savings Bank but left his book numbered 16819 in a bag in the closet of his room of which Anthony had a key. On or about September 6 Jan told Anthony that Rostowski had asked to get the bank book. Anthony unlocked the door and Jan found and took the book without the authority of Rostowski. On September 6 he withdrew $5,000 from account numbered 16819 and went next door to the Southbridge Savings Bank and deposited the money in his account numbered 60782. On September 8 the petitioner, an attorney, was called to the hospital to draw Rostowski's will. Rostowski with the help of a physician who acted as interpreter told the petitioner what he wished done and on inquiry stated that he had two bank accounts. He produced the bank book on the account in the Southbridge Savings Bank and said the other was at home and had in it about $6,000. The will was executed the same day. After two small bequests of a religious nature, it provided for a bequest of $2,000 to Felicia Planeta "for the kindness and consideration shown me by her during my lifetime," and left the residue of the estate to a Roman Catholic Polish Seminary in Michigan. The petitioner took away with him the will and the bank book. On September 14 Jan withdrew an additional $1,500 from the testator's account and deposited it in his account numbered 60782. On October 5, four days after the testator's death, Jan withdrew the balance remaining in account numbered 16819 amounting to $32.16

and with it and a few additional dollars opened a new account in his name in the Worcester County Trust Company.

In conclusion the judge found, after commenting on the unreliability of Jan Planeta's testimony, "that the testator, Rostowski, did not understand the significance of the bank book transaction whereby his account was changed into a joint account or an account payable after his death to the respondent, Planeta . . . that he kept the bank book and had no intention to have the respondent's, Planeta's, name placed on the account to make it joint or to make the deposit payable to Planeta upon the testator's death . . . that the respondent, Planeta wrongfully had this account changed so that his name was placed on the book and the bank records and that he wrongfully came into possession of the bank book and that he wrongfully made withdrawals and immediately deposited the selfsame sums withdrawn in his own account in the Southbridge Savings Bank."

A final decree was entered holding in part that the withdrawals of $6,500 "were improper and without authority or permission, expressed or implied, of the testator, Charles Rostowski," and that said $6,500 is an asset of the estate; and ordering that the Southbridge Savings Bank pay said sum to the executor with accumulated dividends or interest. From this decree the respondent Jan Planeta appealed.

A novation in respect to account numbered 16819 was effected by the addition of Planeta's name to the bank book and he became a promisee under a contract with the trust company. *Chippendale* v. *North Adams Sav. Bank*, 222 Mass. 499, 501–502. This transaction, however, did not determine his rights against Rostowski, and the executor may show by oral evidence the extent of the rights which his testator intended to give. *Bradford* v. *Eastman*, 229 Mass. 499. *Moreau* v. *Moreau*, 250 Mass. 110. *Gibbons* v. *Gibbons*, 296 Mass. 89, 91.

The judge could properly find that Rostowski did not understand the legal significance of the bank book transaction, whereby Planeta's name was "put on the book." Although it appears that in 1954 he gave Planeta $1,000,

the evidence discloses no adequate or even plausible reason for his bestowal of a right to acquire substantially one half of his property. His will shows a general plan to devote his estate to religious purposes. The retention by him of the bank book on August 8 tends to negative any intent to give it to Planeta as property (see *Bailey* v. *New Bedford Inst. for Sav.* 192 Mass. 564) and his later failure to take it to the hospital any expectation of withdrawals from the account while he was there. On September 8, two days after Planeta had withdrawn $5,000, Rostowski told his attorney that $6,000 was the approximate amount on deposit and made no mention of a joint interest in the account.

It is reasonable to conclude that Rostowski intended the authority of Planeta to make withdrawals was to be limited to circumstances similar to those of August 8, that is to occasions when Rostowski was present or had given possession of the book to Planeta for that purpose. The conduct of Planeta in surreptitiously obtaining possession of the book and speedily withdrawing practically the entire deposit without notifying Rostowski suggests that he did not understand Rostowski had given him a present interest in the account.

The judge was justified in finding that the withdrawals by Planeta were unauthorized and that the amounts withdrawn belonged to the estate.

*Decree affirmed.*