THOMAS F. BRANNAN *vs.* ELIOT FIVE CENTS SAVINGS BANK.

Suffolk. March 25, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, & DECOURCY, JJ.

*Savings Bank. Assignment.*

If a depositor in a savings bank delivers to another person his bank book and an order in writing on the bank to pay to such person the amount standing to the depositor's credit with the bank, a valid assignment and transfer of the deposit is effected and the transferee receives a complete title thereto which the bank is bound to recognize although the book and the order are presented two hours after the depositor's death and the bank has notice of the death.

CONTRACT for the amount of a deposit placed with the defendant bank by one Patrick J. Brannan, who on March 3, 1911, three days before his death, delivered to the plaintiff, his brother, the

deposit book together with an order in writing signed by him and directing the payment to the plaintiff of the amount standing to his credit on account of the book. The plaintiff presented the book and the order to the defendant within an hour or two of his brother's death, stating the fact of the death, and payment was refused by the defendant. Writ dated March 13, 1911.

In the Superior Court the case was heard by *Crosby,* J., without a jury.

St. 1908, c. 590, § 65, relied on by the defendant, reads as follows: "Such [savings bank] corporation may pay an order, drawn by a person who has funds on deposit to meet the same, notwithstanding the death of the drawer, if presentation is made within thirty days after the date of such order; and at any time if the corporation has not received written notice of the death of the drawer."

The by-law of the defendant relied on by the defendant was as follows: "On the death of any depositor, the money standing to the credit of such depositor shall be paid to the legatees, heirs-at-law, or legal representatives of such depositor, conformably to the laws of the State; and if the sum shall not exceed one hundred dollars, the same may be paid to the legatees, or next of kin, or legal representatives, without the expense of any probate of will, or letter of administration; provided however, that in case the deposit shall exceed one hundred dollars, the same may be paid as above provided, at the discretion of the committee on investment; and it is agreed that such payment shall discharge the corporation. If the deceased depositor leaves a will, the bank may require the executor or executrix to furnish it with an attested copy of the same, before making payment."

At the close of the evidence the defendant asked the presiding judge to rule that on all the evidence the action could not be maintained. The judge refused so to rule and found for the plaintiff in the sum of the amount of the deposit with interest; and the defendant alleged exceptions.

The case was submitted on briefs.

*A. P. Worthen,* for the defendant.

*M. J. Sughrue, R. M. Bowen & T. F. Burns,* for the plaintiff.

MORTON, J.  The delivery of the bank book and order by the depositor to the plaintiff constituted a valid assignment and trans-

fer of the deposit to him and gave him a complete title thereto. *Davis* v. *Ney,* 125 Mass. 590. *Kimball* v. *Leland,* 110 Mass. 325.

There is nothing in the statute referred to (St. 1908, c. 590, § 65) or the by-laws to prevent the plaintiff from maintaining this action. The statute merely provides that a bank may pay an order after the death of the depositor if presented within thirty days after its date. A similar provision exists in regard to the payment of checks. R. L. c. 73, § 17. The by-law provides for the payment, after the death of the depositor, of money standing to his credit to his legatees, heirs at law, or legal representatives, and has nothing to do with and does not affect in any way a transfer of a deposit by the depositor.

*Exceptions overruled.*