ALMONT SAVINGS BANK *v.* WARNER.

GIFTS—GIFT OF BANK BOOK—EVIDENCE—SUFFICIENCY.

    Evidence that a young man, without family or parents, during his last illness, gave his bank book to the woman in whose home he had lived for over a year, and who had cared for him while he was laid up with an accident and also helped to care for him during his last illness, *held*, sufficient to sustain a gift *inter vivos*.

Appeal from Lapeer; Williams (William B.), J. Submitted June 5, 1924. (Docket No. 54.) Decided July 24, 1924.

Bill of interpleader by the Almont Savings Bank against Charles Warner, Jr., administrator of the estate of Erle J. Muir, deceased, and Alma Stannard to determine the right to a deposit in plaintiff bank. From a decree for defendant Stannard, defendant Warner appeals. Affirmed.

*Elmer Shumar,* for appellant.

*Herbert W. Smith,* for appellee.

BIRD, J.   The sole question determined in this case was whether a gift *inter vivos* was made.   The trial court sustained the gift, and the defendant, Charles Warner, as administrator, has appealed.

Erle J. Muir was a young man who resided in Lapeer county.   He was without family or parents. He lived in the home of Alma Stannard for upwards of a year prior to his death.   He was stricken with pneumonia, and during this illness he requested Mrs. Stannard to get his bank book, in which was credited $546.88 by plaintiff bank.   Mrs. Stannard complied with this request and handed him the book.   He then gave it to her.   A few days thereafter he died. Administration on his estate followed and the administrator claimed the book and demanded it.   Alma Stannard insisted upon payment to her.   The bank was undecided to which claimant it should pay the deposit, so it filed a bill of interpleader and paid the deposit into court, and the contest was between defendants.

Defendant Alma Stannard established her claim by the testimony of her husband, who was in the sick room when it was claimed the deceased gave her the deposit.   This was the only direct testimony offered by claimant.   The truthfulness of this testimony is attacked by the administrator as not sufficiently establishing the fact of a gift *inter vivos*.   The testimony does not appear improbable to us when the circumstances surrounding the transaction are considered. Mr. Muir had no near relatives save three half sisters, with whom he had some difficulty when his father's estate was settled.   These half sisters did not appear to have much interest in him during his illness.   Beside this deposit the young man's estate was worth about $8,000.   He had lived pleasantly at Mrs. Stannard's for upwards of a year, and Mrs. Stannard had taken care of him on an occasion when he was

laid up with an accident. She was also helping to care for him in his last illness. These facts considered, it is not improbable, if he thought he was likely to pass along, that he should be in a mental attitude to desire Mrs. Stannard to have the deposit. Of course, much hangs on the testimony of the husband. The trial court heard him testify and his testimony, aided by the attendant circumstances and conditions, convinced the court of its truthfulness. We are not persuaded that the conclusion was wrong. We are not inclined to disturb the decree.

It is affirmed, with costs to defendant Stannard.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.