MICHAEL T. MILAN *vs.* GEORGE A. BOUCHER & others.

Plymouth.   May 9, 1933. — March 27, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Bank and Banking,* Joint account.  *Assignment.  Husband and Wife.
Joint Tenants and Tenants in Common.  Tenancy by the Entirety.*

Where an account was opened in a bank in the names of a husband and
wife, the signature cards signed by them providing that all funds then
or thereafter deposited in the account should be "our joint property
and owned by us as joint tenants with right of survivorship, and not
as tenants in common" and that the "entire account or any part
thereof may be withdrawn by, or upon the order of, either of us or the
survivor," there was made a contract between the husband and the
wife and the bank which constituted the depositors joint tenants and
not tenants by the entirety.

Where, subsequent to the opening of the bank account above described,
the wife conveyed the account to one as trustee for the benefit of her-
self, her husband and her children on certain terms and contempo-
raneously executed an order on the bank to pay the entire sum on de-
posit in the account to the trustee; and the bank, upon presentation
by the trustee of the order and bank book and the signing by him of a
withdrawal slip or receipt, cancelled and marked "paid" the book,
closed the account on its books and opened a new account in the same
sum in the name of the trustee, there was not, in the circumstances, a
withdrawal of the deposit upon order of the wife within the meaning
of the contract between her, the husband and the bank, but in effect
merely an assignment by her to the trustee which severed the joint
ownership of her and the husband in the deposit and transferred to
the trustee only her interest therein.

It appearing that the husband and the wife had equal interests in the
deposit above described at the time of the assignment by the wife,
the husband thereafter was entitled to one half of the deposit standing
in the name of the trustee.

The question, whether the interests of the husband and of the wife in the
original account above described were equal or otherwise at the time
of the severance of their joint ownership, was merely one of fact.

BILL IN EQUITY, filed in the Superior Court on May 21,
1931.

The suit was heard by *Weed,* J.  Material findings and
rulings by the judge are described in the opinion.  By his

order a decree was entered dismissing the bill against all the defendants except Boucher, John F. Milan, Brockton National Bank and Home National Bank. The judge then ordered the entry of the final decree described in the opinion and reported the suit for determination by this court.

The case was submitted on briefs.

*W. F. Hallisey & E. G. Townes*, for the plaintiff.

*E. H. Fletcher & H. K. Stone*, for the defendants.

RUGG, C.J. The plaintiff seeks by this suit to have rescinded and declared null and void a conveyance in trust executed by his wife to the defendants Boucher and John F. Milan and their declaration of trust. Two savings accounts are involved, one in the Home National Bank of Brockton, and the other in the Brockton National Bank. At the time of the conveyance and declaration of trust, these accounts stood in the names of the plaintiff, Michael T. Milan, and Elizabeth Milan, his wife, jointly. Printed upon both signature cards signed by them was the following: "We agree and declare that all funds now, or hereafter deposited, in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor. It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

It appears from the report of material facts by the trial judge that on December 16, 1930, Elizabeth Milan, while seriously ill, executed orders on the banks differing slightly in form. One order directed payment to Boucher and John F. Milan as trustees, or order, of "all sums now on deposit to my credit in your bank under Book No. 2586 and charge the same to my account in said deposit." The other order directed payment to the same trustees of "all sums now on deposit in your bank in said account and charge the same to account No. 5613." Contemporaneously

she executed a conveyance in trust to the same trustees of the two savings accounts and they executed a declaration of trust setting out the terms on which they held the savings accounts. It provided that they were to invest the funds and pay to Elizabeth Milan, at her request, such part, or the whole of the income as she might desire. They were to have absolute discretion to pay to her such part of the principal as they deemed fit, and if she should survive her husband, they were to pay over to her the entire fund. If she did not survive her husband, they were to pay to him for life such part of the interest and principal of the fund as they deemed necessary for his comfortable support or maintenance. On the death of the husband, the fund was to be equally distributed among the five children of Mrs. Milan. On the same day the defendant John F. Milan presented to the banks the respective bank books, together with the orders, and signed certain withdrawal slips or receipts, one of which the defendant Boucher also signed. Each bank thereupon cancelled and marked "paid" the deposit book relating to the account in that bank, and closed the account on its books, and in each case opened a new account in the names of the defendants John F. Milan and George A. Boucher, as trustees, for the respective amounts shown in the closing of the earlier accounts. On January 1, 1931, and February 1, 1931, each bank credited each account with the interest to which the earlier accounts would have been entitled had no change been made. Elizabeth Milan died on January 7, 1931. The plaintiff had no knowledge of the above transactions until after her death.

The trial judge ruled that the transactions were in effect assignments and transfers of the deposits rather than withdrawals on order, and that the transfers, while severing the joint ownership in the deposits, were effective only with respect to Mrs. Milan's interest therein. He then found that the evidence was insufficient to overcome the ordinary presumption that the husband and wife were equally interested in the balance that existed on December 16, 1930. He found and ruled that the transactions of December 16, 1930, vested

in Boucher and John F. Milan, the trustees, a half interest only in the bank accounts, and ordered the entry of a decree establishing the plaintiff's right to one half of each account as of December 16, 1930, plus interest. The bill was dismissed as to all the defendants except the trustees and the banks. The case was reported to this court at the request of the interested parties. The findings of fact must be accepted as true because the evidence is not reported.

The form of each of the original deposits with the accompanying signature cards constituted a contract. The parties to each contract were the plaintiff and his wife and the particular bank. The plaintiff expressly concedes in his brief that "either he or his wife had the right, during the lifetime of both, to withdraw any part or the whole of the fund on his or her single receipt or order." Such right and power was an unequivocal term of each contract of deposit. There was nothing contrary to law in the contracts. They were binding upon the parties. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499. *Splaine* v. *Morrissey*, 282 Mass. 217.

The deposits did not constitute tenancies by the entirety. Such a tenancy can be terminated or severed only by the joint action of husband and wife during their lives. *Licker* v.*Gluskin*, 265 Mass. 403. These contracts by explicit words provided that the deposits might be terminated by the action of either the husband or the wife alone while both were living. A joint tenancy, however, may be terminated by transfer or conveyance of his interest by one tenant. The original contracts of deposit constituted the husband and wife joint tenants. *Attorney General* v. *Clark*, 222 Mass. 291, 293. *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, 507. *Holyoke National Bank* v. *Bailey*, 273 Mass. 551.

We are of opinion that the transactions between the wife and the trustees were not withdrawals of the deposits. The money due under each of the deposits was not taken out of the bank. Each deposit remained intact. It was simply transferred from the names of the original depositors to the names of the trustees. The ruling that these transactions amounted to assignments of the deposits rather than withdrawals of them was right. The principle illustrated by

cases like *Kimball* v. *Leland,* 110 Mass. 325, and *Brannan* v. *Eliot Five Cents Savings Bank,* 211 Mass. 532, is controlling.

The result of such assignments was to sever the joint ownership of the original depositors. The action of the wife in making the assignments was to terminate the joint tenancies and to transfer only her own interest in the property to the trustees as assignees.

The finding to the effect that the husband and wife were equally interested in the deposits was a pure question of fact. There is no ground on this record to doubt its accuracy. *Wetherow* v. *Lord,* 41 App. Div. (N. Y.) 413.

*Order for decree affirmed.*