RICHARD J. BUCKLEY *vs.* CATHERINE F. BUCKLEY
& another.

Suffolk.    October 4, 1938. — December 3, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Bank and Banking,* Joint account.  *Husband and Wife.    Joint Tenants.*

Findings, warranted by the evidence in a suit in equity, that money
    of a husband was deposited in a joint savings bank account in the
    names of himself and of his wife but with an understanding between
    them that she might withdraw for household expenses and that "in
    case anything happened" to him, the account should be hers, war-
    ranted a conclusion that withdrawal of the whole by the wife was a
    breach of trust and a decree ordering her to return the money to the
    account and to deliver the savings bank book to the husband.
Upon uncontradicted evidence in a suit in equity as to a savings bank
    account which was started by a deposit by a woman of her own money
    before marriage, was increased by accumulations thereon and by
    deposits of moneys belonging to her husband, and later was trans-
    ferred to the joint names of the wife and her husband, it was held
    that a finding, and a decree based thereon, that the beneficial interest
    in the whole account was the husband's was plainly wrong in so far
    as the wife's original deposit and its accumulations were concerned.

BILL IN EQUITY, filed in the Superior Court on August
13, 1937.

The case was heard by *Walsh,* J., and in this court was
submitted on briefs.

*E. D. Hassan,* for the defendant Buckley.

*E. P. Benjamin & G. M. Yaghjian,* for the plaintiff.

DOLAN, J.  This is a suit in equity in which the plaintiff,
husband of the defendant Buckley (hereinafter referred to
as the defendant), seeks to recover certain sums of money
withdrawn by the latter in 1937 from deposits standing in
the names of both in joint accounts in the Institution for
Savings in Roxbury and its Vicinity and the Boston Five
Cents Savings Bank.  The evidence is reported, and the
judge filed a report of the material facts found by him in
which he concluded that the money constituting the deposits

involved "was money of the plaintiff"; that "there was no gift to the defendant of said money or any part thereof at any time; that the understanding between the parties was that the deposits were to be subject to withdrawal by the defendant for ordinary household requirements and in case anything happened to [the] plaintiff the defendant could have available the entire amounts for her own, but that it was money belonging to the husband"; and that "the action of the defendant in withdrawing the various sums from . . . [the] accounts was a breach of trust." No exceptions were taken in the course of the trial. A decree was entered ordering the defendant to redeposit the sums of money in the accounts from which they had been withdrawn and to deliver to the plaintiff the books of deposit. The defendant appealed.

The determination of the interest the plaintiff and the defendant had in the deposits in the joint accounts is dependent primarily on what their intention was, and this is a question of fact. *Gibbons* v. *Gibbons*, 296 Mass. 89, 90. *Milan* v. *Boucher*, 285 Mass. 590, 594. The appeal opens all questions of fact, discretion and law presented by the record, and in dealing with questions of fact this court weighs the reported evidence, giving due weight to the findings of the trial judge made upon conflicting oral testimony. For reasons already sufficiently stated in previous decisions "we do not reverse findings of fact made upon . . . [such] testimony unless convinced that they are plainly wrong." *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 84, and cases there collected. *Markiewicus* v. *Methuen*, 300 Mass. 560, 561. The question is not what the opinion of this court might be as to the facts on the printed record alone, but whether it can rightly be said that the findings made by the judge who saw the witnesses and heard them testify are plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159, 162.

We have examined the record in the light of these principles. A recital in detail of the evidence in so far as it relates to the deposit in the Institution for Savings in Roxbury and its Vicinity, which stood in the names of

the parties in a joint account, would serve no useful purpose. It appears from the evidence that the judge was not plainly wrong in finding that the moneys deposited in that account were those of the plaintiff. We have examined all the cases relied upon by the defendant to sustain her contention that she was entitled to one half of this deposit as well as one half of the other deposit involved, and are of opinion that they are distinguishable in the facts from the case at bar. It does appear, however, in connection with the deposit in the Institution for Savings in Roxbury and its Vicinity, that an inadvertent mathematical error was made in fixing the amount withdrawn therefrom by the defendant as $4,000 instead of $4,121.23. As thus corrected the findings of the judge in relation to that deposit must stand.

In the matter of the deposit standing in the name of the parties in the joint account in the Boston Five Cents Savings Bank, we think that the judge erred in that, while he found that the defendant had a deposit in the Boston Five Cents Savings Bank of $430.90 at the time of her marriage to the plaintiff in 1911, he did not report undisputed facts relative to the history of this deposit which we think required findings that this sum with its accumulations constituted a portion, if not the whole, of the total sum withdrawn by her from that deposit in 1937, and did not provide in the decree entered by him that she should be credited with so much of the amount thus withdrawn by her as represented her own money and the accumulations thereon.

The undisputed facts as to the deposit involved in the Boston Five Cents Savings Bank are as follows: About 1905 the defendant opened a deposit to which the one in question is directly traceable. At the time of her marriage there was on deposit in this account $430.90. From time to time thereafter the defendant deposited sums of money therein which were given her by the plaintiff in accordance with the understanding set forth in the findings of the judge. This account continued to stand in her sole name until July 30, 1932. In 1912 the plaintiff discovered that the

defendant was depositing some of his money in this account and spoke to her about it.

On July 30, 1932, however, the account, which then was credited with $2,532.49, was made into a joint account in the names of the parties in the following manner: The bank "required the depositor [the defendant] to sign a draft ticket in full" and to make out "a deposit ticket . . . for . . . [its] records" changing it to a joint account. A "blue ticket" was made out so that interest would be "allowed back to the last interest date." The transaction was in essence a transfer of the account standing in the name of the defendant to a joint account with the plaintiff. There was no evidence that any withdrawals had been made from this account from the time of the marriage of the parties up to the date of this transfer. The withdrawals made by the defendant from this account from the time of the transfer to 1937 were mostly of $25 or $50; in about seven instances they were of the sum of $100. There was evidence that would require a finding that these withdrawals were made by the defendant with the approbation of the plaintiff in accordance with the understanding between him and the defendant that they could be made from his savings for household and family purposes. There was no evidence that, when this deposit was transferred to the joint account, the understanding of the parties included within its scope the defendant's deposit of her own funds and its accumulations, nor that the defendant intended to make a gift thereof to the plaintiff. While we do not disturb the finding of the judge that the plaintiff's moneys deposited in that account remained his property, we think that the judge ought not to have found that the portion of the deposit which was made up of the defendant's money and its accumulations became that of the plaintiff. We are of opinion that, as to the withdrawals made by the defendant in 1937 from the deposit in the Boston Five Cents Savings Bank, she is entitled to be credited with such portion thereof as may be determined to have been composed of her own deposit of $430.90 with such accumulations as may be found to be apportionable to that sum.

Since we have not sufficient evidence before us to determine the portion of the sums withdrawn from the Boston Five Cents Savings Bank by the defendant in 1937 that should properly be credited to her as being her individual property, the decree must be reversed, and the case remanded to the Superior Court for the ascertainment of that sum and a credit thereof to the defendant, and for the correction of the amount ordered to be redeposited by the defendant in the Institution for Savings in Roxbury and its Vicinity, in accordance with what we have said.

*Ordered accordingly.*