NEIL *v.* NATIONAL BANK OF DETROIT.

BANKS AND BANKING—SAVINGS DEPOSIT—DEPOSIT BOOK—FILLED IN BLANK ORDER FOR PAYMENT—DEATH.

Declaration by administrator of estate of decedent who had signed a blank order to bank in which he had a savings deposit, that such blank had been delivered by decedent to defendant and filled in by defendant, with knowledge of the depositor's suicide, and presented it for payment *held,* to have stated a cause of action as to such transferee.

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
21 Am Jur, Executors and Administrators §§ 185, 282, 283.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 17, 1957. (Docket No. 78, Calendar No. 46,281.) Decided March 7, 1958.

Case by Wilton F. Neil, administrator of the estate of Fred L. Neil, against the National Bank of Detroit, a Federal banking corporation, and Christine J. Hanson for conversion of funds on savings deposit withdrawn after depositor's death on order previously signed. Cause dismissed on motion. Plaintiff appeals as to defendant Hanson only. Reversed as to defendant Hanson.

*William S. Munger* (*James D. Irvine,* of counsel), for plaintiff.

*Monaghan & Monaghan & Crawmer* (*Walter O. Koch,* of counsel), for defendant Hanson.

Carr, J. (*dissenting*). Plaintiff, as administrator of the estate of Fred L. Neil, deceased, brought this action in circuit court to recover the sum of $3,524.53 which decedent had on deposit in defendant bank prior to his death. In his declaration plaintiff alleged that prior to May 7, 1952, Fred L. Neil executed in blank a so-called "order to pay" instrument addressed to the bank, which he signed and delivered to defendant Hanson. It was further averred that on the date mentioned decedent was in a certain hospital in Detroit where he was recovering from an operation, and that he came to his death as the result of self-inflicted injuries. On the following day, as set forth in the pleading, defendant Hanson, with knowledge of the death of Fred L. Neil, filled in the instrument signed by him for the full amount of the deposit, and presented it, with decedent's passbook, for payment. The bank made payment of the amount, which plaintiff claimed rightfully belonged

to the estate. The action was instituted on the theory that the permitted withdrawal of the money was improper and unauthorized, and that, in consequence, plaintiff, as administrator, was entitled to a recovery thereof.

Defendant bank filed answer to plaintiff's declaration, in substance denying that the payment to defendant Hanson was unauthorized or wrongful. With said answer a motion to dismiss was filed, on the ground that the declaration failed to set forth a cause of action against the bank. The other defendant also filed a motion to dismiss for the same reason. Following the submission of briefs by counsel representing the respective parties, the circuit judge before whom the matter was heard granted the motions to dismiss and orders were entered accordingly. From the order of dismissal as to defendant Hanson, plaintiff has appealed.

In view of the manner of disposition of the case the averments of the declaration are of controlling importance. Facts therein well pleaded must be accepted as true. The pleading did not incorporate the form of order signed by plaintiff's decedent, but it is claimed that it was submitted to the circuit judge for his inspection, and a form purporting to be identical with that signed by decedent has been inserted by counsel for appellant in their brief. Its accuracy is not questioned by appellee. For purposes of reference, and a correct understanding as to its form, it is inserted here:

"NATIONAL BANK OF DETROIT

ON PRESENTATION
OF MY DEPOSIT BOOK     DETROIT, MICH., .... 19...
PAY TO ................. OR BEARER, $..........
...................................... DOLLARS
CHARGE TO
MY ACCOUNT NO. ...............

       SIGNATURE ............................
       ADDRESS ........................"

While the declaration did not specifically allege
that Fred L. Neil delivered his savings deposit book
to defendant Hanson with the order signed by him
in blank, it is a necessary inference that it came into
her possession, thus enabling her to present it with
the order to the defendant bank, as plaintiff has
alleged she did. No claim was made in the pleading
that the book was taken wrongfully from the posses-
sion of plaintiff's decedent. It must be assumed that
decedent of his own volition turned the book and the
form of order for payment that he had signed over
to defendant Hanson, and, hence, that she was en-
titled to the possession of said book and order.
Counsel for plaintiff admit in their brief that such
delivery occurred. Fraud or undue influence cannot
be presumed, nor may it be inferred that Fred L.
Neil was not at the time mentally competent to enter
into a transaction of the character in question.

The primary question at issue is whether the de-
livery of the bankbook, accompanied by the form of
order signed in blank, operated as an assignment to
defendant Hanson of the right to the deposit in the
bank. The fact that plaintiff's decedent parted with
possession and control of the deposit book indicates
an intention on his part to transfer the account
represented thereby. By his action he clothed de-
fendant Hanson with the power, and the ostensible

right, to withdraw the amount of the deposit. Under regulations of the bank the order was required as a condition of payment to the holder of the deposit book. However, such order was not essential to an assignment of the right to the deposit. As owner of such right the depositor was entitled to transfer it if he so desired.

Whether in the instant case decedent sought to make an assignment of his right to the deposit because of some obligation on his part to defendant Hanson, or to make a gift to her, either *inter vivos* or *causa mortis,* is not of controlling importance. In the final analysis the question is whether his conduct, as alleged in the declaration, operated to transfer to said defendant the right to the bank account. Is it a fair conclusion that by his act he intended to pass title to defendant Hanson? Was there an actual or constructive delivery, and was the transfer accepted? The delivery of the bankbook and the incidental order for payment signed by decedent clearly suggest the purpose. It must be assumed that he understood the significance of his action, and realized that he was parting with control over the deposit and giving to defendant Hanson the indicia of ownership and the apparent right to withdraw the amount of the deposit. The transaction being for the benefit of the latter, acceptance may be presumed, and is affirmatively established by the averments of plaintiff's pleading. *Molenda* v. *Simonson,* 307 Mich 139; *Buell* v. *Orion State Bank,* 327 Mich 43.

The delivery of the deposit book, accompanied by the order signed by decedent, may properly be regarded as a constructive delivery. In considering whether a valid gift of a savings deposit in a bank had been effectuated, this Court, in *Union Trust & Savings Bank* v. *Tyler,* 161 Mich 561 (137 Am St Rep 523), said:

"That a valid gift of the money deposited in a savings bank may be effected by the delivery, to the donee, of the depositor's passbook, with intent to give the donee the deposit represented by it, is settled law. See 20 Cyc, p 1239, where the authorities from the various States are collected. *Reed* v. *Whipple,* 140 Mich 7; *State Bank of Croswell* v. *Johnson,* 151 Mich 538."

The Court concluded from the record before it that the delivery of the bankbook was made by the owner of the deposit with the intention of passing title, and that a valid gift had been consummated. The conclusion reached is supported by the cases cited in the language above quoted, as well as by other decisions of this Court under analogous circumstances. *Almont Savings Bank* v. *Warner,* 228 Mich 130; *In re Van Wormer's Estate,* 255 Mich 399; *State Savings Bank of Carleton* v. *Baker,* 257 Mich 666.

Counsel have called attention to *Kimball* v. *Leland,* 110 Mass 325; and *Brannan* v. *Eliot Five Cents Savings Bank,* 211 Mass 532 (98 NE 572). In each of these cases a depositor in a savings bank made delivery of his bankbook and an order in writing to the bank to make payment. The documents were not presented by the recipient until after the death of the depositor. It was held in each case that the transfer was complete and that title to the deposit involved had passed.

In 24 Am Jur, Gifts, §§ 104, 108, pp 785, 786, 788, in discussing gifts of savings bank deposits, it is said:

"A valid gift may be made of a savings deposit by delivery of the passbook to the donee, unaccompanied by an assignment in writing. And, a fortiori, delivery of a savings bankbook with intention of passing title to the deposit represented, accompanied by a written order upon the bank to pay the deposit

to the donee, or a written assignment, constitutes a valid gift of the savings deposit. Moreover, while delivery of a bankbook evidencing checking deposits in a bank of deposit and discount does not pass title to the deposit, although such may have been the intention of the donor, delivery of a bankbook evidencing a deposit in the savings department of a bank of issue, discount, and deposit will pass title, since there is no material difference between a savings department of such bank and a savings bank conducted strictly as such. It may be noted, however, that there do not appear to be any reported decisions involving the effect of a delivery of a savings bankbook to constitute a valid gift, where the question of the gift has been litigated during the lifetime of the donor.

"It has been held that a gift of a savings bank deposit may be revoked, and is revoked by the testator's directions, given on the following day to the donee, to go to the bank and take out the money and bring it to him, which the donee does, but upon return finds the donor dead. It has also been held to make no difference that a bylaw of the bank, printed in the bankbook, requires an order or power of attorney to authorize anyone, other than the depositor, to draw out the deposits. * * *

"Conditions in a bankbook prohibiting withdrawal of funds without written orders or a power of attorney of the depositor do not prevent the making of a valid gift of the deposit by mere delivery of the book, without other formality, since such conditions are restrictions only upon withdrawals by the owner of the fund, and not upon exchange of ownership."

Of like import is the following summarization of the general rule as stated in 38 CJS, Gifts, § 51, p 837:

"The gift of a deposit in a savings bank is accomplished where the owner, with the intention of making a gift, delivers his deposit book containing entries of deposits in his name to the intended donee,

especially where he also delivers an order for the payment of the whole deposit, even though the book and order are not presented to the bank until the donor's death; and no written assignment of the donor's deposit book is necessary to support the gift. The mere delivery of the book will not be sufficient, however, where, under the rules of the bank, the possession of the book does not give to the holder control over the fund, although a bank rule requiring one withdrawing money to present an order signed by the depositor or a power of attorney does not render invalid such a gift. The mere possession of the bankbook is but one of several elements necessary to the establishment of a gift. Delivery of the book must be made with donative intent, and also with intent on the donor's part to divest himself of all right and title thereto. No acknowledgment or acceptance of the gift is necessary on the part of the donee, since it is beneficial, and his acceptance is assumed. Redelivery of the book to the donor for safe-keeping does not invalidate the gift, and neither does the failure of the donee to sign the deposit card at the bank."

Of interest also is the decision of the Virginia supreme court of appeals in *Snidow, Administrator,* v. *Brotherton, Guardian,* 140 Va 187 (124 SE 182, 40 ALR 1246), where it was held that delivery of the key to a receptacle containing a passbook showing a savings deposit in a bank, and also containing war savings stamps, made by one who had received mortal injuries, was sufficient to establish a valid gift *causa mortis.* The case is reported in 40 ALR 1246, followed by an annotation (40 ALR 1249, 1257) in which it is said:

"A valid gift *inter vivos* may be made of a savings deposit by delivery of the passbook to the donee, unaccompanied by an assignment in writing."

In support of such statement a number of decisions from different States are cited, including *Al-*

*mont Savings Bank* v. *Warner, supra.* The rule above stated is referred to in a supplemental annotation in 84 ALR 558, 563, and further citations of authorities are given in support thereof.

Applying the principles of law commonly recognized in the application of the general rule as above stated to the facts in the case at bar as they fairly appear from the averments of plaintiff's declaration, we think the trial judge came to the correct conclusion. It may fairly be inferred from what was done that plaintiff's decedent intended to transfer to defendant Hanson the right to the deposit in the National Bank of Detroit as evidenced by the deposit book. Delivery of the book and the order for payment signed in blank is scarcely consistent with any other theory. The depositor parted with his control of the account and invested defendant Hanson with the indicia of ownership. It may be noted in this connection that the order for payment apparently contemplated that it might be treated as authority to pay to bearer.

Such instrument may not be regarded, when accompanied by the deposit book, merely as a bill of exchange, as argued by appellant. It could not be honored except in connection with the presentation of the deposit book to the bank, and it had reference to a specific account. It was not, in other words, a general order for payment. Ownership of the account having been transferred to her, defendant Hanson had authority to fill in the blanks in the form of order signed by the depositor and, title being vested in her, such authority was not terminated by the death of Fred L. Neil.

The order of the trial judge dismissing the case as to defendant Hanson should be affirmed, with costs to appellee.

Dethmers, C. J., and Kelly, J., concurred with Carr, J.

Black, J. I think the declaration states a cause of action as against defendant Hanson and that the questions considered in my Brother's opinion cannot be decided with appropriate accuracy unless and until the testified facts, distinguished from the pleaded conclusions of fact, are brought to us following due trial of that which plaintiff has alleged as against the said defendant. I therefore vote to reverse, with costs to plaintiff.

Smith, Edwards, and Voelker, JJ., concurred with Black, J.

Kavanagh, J., took no part in the decision of this case.