WILLIAM BARON & others *vs.* JOSEPH FONTES & others.

Bristol.    October 27, 1941. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Voluntary Association. Conspiracy. Joint Tortfeasors. Unlawful Interference. Equity Jurisdiction, Internal affairs of voluntary association. Supreme Judicial Court, Moot question.*

Joint unlawful acts of the defendants and not conspiracy in itself was the substantial cause of action disclosed by a bill in equity by the president and other members of a voluntary association alleging that in pursuance of an "illegal conspiracy" the defendants unlawfully usurped offices in the association and interfered with the president in the performance of his duties, and intended to continue to do so; and a decree enjoining the defendants from doing such acts was proper on findings of a master supporting the allegations except that he made no specific finding of the existence of such a conspiracy.

In the circumstances, the president and other members of an independent voluntary association having no supervisory body over it appeared to have no remedy of which they could have availed themselves under the constitution of the association, or by recourse to a general meeting thereof or otherwise, before bringing a suit in equity to enjoin the defendants from unlawfully usurping offices in the association and interfering with the president in the performance of his duties.

An appeal by defendants enjoined from usurping offices in a voluntary association and interfering with the president in the performance of his duties was not to be dismissed on the ground that the issues raised had become moot by the appellants' expulsion from the association and confirmation of the president in his office, where it appeared that the appellants disputed the validity of their expulsion and that the issues might continue to be of importance.

BILL IN EQUITY, filed in the Superior Court on March 3, 1941.

The final decree was entered by order of *Walsh*, J.

The case was submitted on briefs in this court.

*F. F. Perrone & E. Laycock*, for the defendants.

*J. Minkin & A. P. Doyle*, for the plaintiffs.

QUA, J. This bill is brought in behalf of a voluntary association known as the New Bedford and District Weavers' Protective Association by William Baron as its president and by other members alleged to be fairly representative of all the membership, except the defendants. Allegations essential to an understanding of the issues argued may be summarily stated as follows:

The association is "an independent union" of approximately three thousand members, possessing real and personal property in which each member has an interest. The nine defendants, all of whom are also members, have "set out on an illegal conspiracy" to get control of the assets of the union and to use them for illegal purposes, to thwart the will of the membership, to create strife and dissension among the members, to nullify the effectiveness of the union to serve its membership, and to disrupt and destroy the union. The defendants are alleged to have been guilty of a series of "overt acts" in pursuance of the alleged "conspiracy." Among other things, they are averred to have placed the defendant Toby E. Mendes in the office of secretary-treasurer, although he was disqualified under the rules, by-laws, and constitution of the association, to have "placed themselves in the offices" of members of the executive board (called in the constitution the management committee) without being duly elected thereto, to have attempted illegally to remove from office the plaintiff Baron, the duly elected president of the association, to have pre-

vented him from performing his duties as president, general superintendent, and business agent, and to be using the funds of the association contrary to its rules and without authority, to the irreparable injury of the plaintiffs' property. It is alleged that the plaintiffs have exhausted all remedies within the association. The prayers are for injunctive and general relief.

The judge entered a final decree reciting that certain of the defendants therein named had not been properly elected to offices in the association, enjoining the defendant Toby E. Mendes from exercising the office of secretary-treasurer, enjoining the defendants Toby E. Mendes, De Haze, and Frank Mendes, from exercising the office of member of the management committee, enjoining the defendant Avila from assuming to act as president pro tempore, enjoining the defendant Nunes from exercising the office of business agent, and enjoining the defendants Toby E. Mendes, Avila, Nunes, Frank Mendes, and De Haze from obstructing the plaintiff Baron in performing his duties as president. The defendants appeal.

The defendants advance two contentions only, to which we confine our discussion and decision. These are (1) that the decree goes beyond the scope of the bill and of the facts found by the master in that the bill is based upon conspiracy and relief has been granted for particular forms of alleged wrongs, although the master made no definite finding of the existence of the conspiracy for the purposes alleged, and (2) that the plaintiffs did not exhaust their remedies within the association. Neither contention can be sustained.

1. This case does not fall within the comparatively narrow class of cases where conspiracy is in itself the gist of the cause of action. This is not a case where combination among several defendants makes unlawful a course of conduct that might not give rise to liability if carried out by a single individual. All of the wrongful conduct alleged in the bill would be equally wrongful if carried out by a single individual. In such cases as this the only effect of allegations of "conspiracy" is to show such combined action of the several defendants as to render them liable jointly.

*Parker* v. *Huntington*, 2 Gray, 124. *New England Foundation Co.* v. *Reed*, 209 Mass. 556, 560. *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245 Mass. 262, 266. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 214. *Neustadt* v. *Employers' Liability Assurance Corp. Ltd.* 303 Mass. 321, 325. *Fleming* v. *Dane,* 304 Mass. 46, 50, 51. *Mairs* v. *Madden,* 307 Mass. 378, 381. It follows that, so far as the first contention is concerned, there is a sufficient basis for the decree in that the bill alleges the doing of the acts enjoined and the purpose to continue them and enough more to show their wrongful character, and in that the findings of the master support these allegations and disclose participation in the acts enjoined by those defendants who are enjoined from continuing them. No finding of "conspiracy" as such is necessary.

2. This is not a case where the plaintiffs have failed to avail themselves of remedies open to them within the association before coming to court. The association was an independent union having over it no supervisory body to which recourse could have been had. According to the findings of the master, the defendants sought to control the property and business of the association by exercising the powers of offices to which they had not been lawfully chosen and by interfering with the lawfully chosen president and. business agent. The constitution provides no method of dealing with a situation of this kind. The management committee seems to have been dominated by defendants who were, or claimed to be, members of it and were hostile to the plaintiffs. It is suggested that resort might have been had to a general meeting of the association. But general meetings had already elected or purported to elect the defendants to the offices which they claimed to hold. It is to be inferred from the master's report that these meetings accepted the rulings of the president as to who had been elected. We are of opinion that the plaintiffs were not required, before bringing suit, to ask this same body to undo action previously taken by it. *Barbrick* v. *Huddell,* 245 Mass. 428, 436. Moreover, the defendants were actively endeavoring to prevent the holding of a gen-

eral meeting and had obtained an injunction against the holding of a meeting that had already been scheduled. This appears to be a case where no adequate remedy was available to the plaintiffs within the association. *Correia* v. *Portuguese Fraternity,* 218 Mass. 305, 309. *Puleio* v. *Sons of Itala & Neighborhood Mutual Benefit Society,* 266 Mass. 328, 329. *Malloy* v. *Carroll,* 272 Mass. 524, 537, 538.

3. The plaintiffs have moved in this court that this appeal be dismissed on the ground that since the decree was entered in the Superior Court all of the appealing defendants have been expelled from the association by vote taken at a general meeting; that the plaintiff Baron has been confirmed in his office as president; and that therefore the questions raised have become moot. It appears, however, from an affidavit filed by certain of the defendants in connection with this motion that they dispute the validity of their expulsion, and that the issues may remain of importance. The motion to dismiss is therefore denied.

*Decree affirmed with costs.*