EDWARD J. CARSON *vs.* JOHN P. GIKAS & others.

Suffolk.   March 4, 1947. — June 24, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Voluntary Association. Equity Pleading and Practice*, Bill.  *Equity Juris- diction*, Voluntary association.

The correctness of an interlocutory decree sustaining a demurrer to a bill in equity, not appealed from, was open on an appeal from a final decree dismissing the bill.

The bill in a suit in equity for an accounting, brought by a member of an unincorporated society on behalf of himself and other members who might wish to join with him against still other members, and averring that the defendants, while officers, had made improper use of the moneys and properties of the society, must contain a clear and exact statement to the effect that the plaintiff, before bringing suit, had exhausted remedies available within the society, or that an at- tempt to do so would be futile; and a demurrer to the bill rightly was sustained where it was averred merely that the plaintiff had "sought without result to secure a proper accounting to the proper officers of the society but that the . . . [defendants] seem to have a sufficient in- fluence over the society to prevent a vote being taken calling for such an accounting and that the . . . [plaintiff], therefore, has no further redress for the society membership within the society."

BILL IN EQUITY, filed in the Superior Court on June 28, 1946.

A demurrer to the bill was heard by *Swift*, J.

*H. S. Avery*, for the plaintiff.

*W. S. Mirsky*, for the defendants.

SPALDING, J.   The plaintiff appeals from a final decree dismissing his bill after the entry of interlocutory decrees sustaining the demurrers of the defendants.[1]   The correct-

---

[1] In these decrees the plaintiff was given leave to amend but he never did so.

ness of the interlocutory decrees, although not appealed from, is open for consideration upon the appeal from the final decree. G. L. (Ter. Ed.) c. 214, § 27. *Gibbons* v. *Gibbons*, 296 Mass. 89. *Rigs* v. *Sokol*, 318 Mass. 337, 339.

The case made by the bill is as follows: The plaintiff is a member in good standing of Regas Phernaios, a voluntary unincorporated society established for the purpose of promoting the welfare and mutual interest of "members of the Greek race" residing in Boston and other parts of Massachusetts, and brings this bill on his own behalf and on behalf of other members of the society who may wish to join. The defendants are also members of the society and have been officers of it. [1]  (It does not appear how long each held office or that any of them hold office at the present time.) The defendants "acting jointly and severally" have from some time in the past down to the present sought by various acts and representations to control the money and property owned by the society and have refused repeatedly and still refuse to account for moneys and properties belonging to it which had come into their possession. The defendants on numerous occasions have improperly charged their personal expenses to the society and have caused its funds to be withdrawn to pay their personal debts. The plaintiff alleges that he has "sought without result to secure a proper accounting to the proper officers of the society but that the . . . [defendants] seem to have a sufficient influence over the society to prevent a vote being taken calling for such an accounting and that the . . . [plaintiff], therefore, has no further redress for the society membership within the society." The principal prayers are for an accounting and the payment to the society of the amount found to be due.

The grounds assigned by each defendant in support of his demurrer are the same. One of them is that the bill is not sufficiently definite and certain. Since we are of opinion that the demurrers were rightly sustained on this ground, it is unnecessary to consider the other grounds.

It is an elementary rule of equity pleading that the bill

---

[1] Giatas and Gikas were secretaries and Georgian was treasurer.

must contain a clear and exact statement of all the material facts upon which the plaintiff's right to relief sought depends, in order that the defendant may answer fully and fairly and make an intelligent defence to the bill. *Arnold* v. *Maxwell,* 223 Mass. 47, 48. *Merchants Discount Co.* v. *Esther Abelson, Inc.* 297 Mass. 517, 522. *Arena* v. *Erler,* 300 Mass. 144, 146. *Grise* v. *Rieutord,* 305 Mass. 61, 64. The ninth paragraph of the bill plainly violates this principle. (Perhaps the same could be said of other portions of the bill, which are far from being as specific as they might be, but we need not decide that.) Paragraph 9 states that the plaintiff has "sought without result to secure a proper accounting to the proper officers of the society but that the . . . [defendants] seem to have a sufficient influence over the society to prevent a vote being taken calling for such an accounting and that the . . . [plaintiff], therefore, has no further redress for the society membership within the society." The plaintiff as a member of the society has a property right in its assets which the courts will protect. *Bacon* v. *Paradise,* 318 Mass. 649, 654, and cases cited. But before the aid of the courts can be invoked it is necessary to exhaust the remedies available within the society, unless it appears that to do so would be futile. *Barbrick* v. *Huddell,* 245 Mass. 428, 436. *Moustakis* v. *Hellenic Orthodox Society,* 261 Mass. 462, 467–468. *Malloy* v. *Carroll,* 272 Mass. 524, 537–538. *Baron* v. *Fontes,* 311 Mass. 473, 476. The allegations in paragraph 9 do not go far enough, we think, to show that an attempt by the plaintiff to vindicate his rights within the society would be futile. There is merely the vague assertion that the defendants "seem to have a sufficient influence over the society to prevent a vote" calling for an accounting. We are of opinion that this allegation ought to have been set forth with greater particularity. Inasmuch as the bill was dismissed without prejudice, the plaintiff will not be deprived of his day in court if he sees fit to seek it under appropriate pleadings.

*Decree affirmed with costs.*